SINGER MANUFACTURING COMPANY *vs.* COUNTY COMMIS-
SIONERS OF ESSEX.

Essex.   Nov. 26, 1884. — May 8, 1885.   C. ALLEN & COLBURN, JJ., absent.

A foreign corporation had a general office in B. and a store in L., both in this
Commonwealth.   On May 1, it had sewing-machines in L. in the possession of
persons, under contracts by the terms of which each person agreed to pay as
rent a certain sum monthly until a certain other sum should be paid, and then
to return the machine to the company, or to purchase the machine for one cent.
These machines were delivered from the store in L. and the contracts were
immediately sent to the office in B., which took charge of and enforced them.
The employees in the store in L. had no further connection with the machines
after delivery, except to make collections, and to remit them to the office in B.
If the persons having the machines did not pay under their contracts, which
seldom happened, the employees in L., acting under general directions from the
office in B., took possession of the machines.  *Held,* under the Pub. Sts. *c.* 11,
§ 20, that the machines were properly taxable to the corporation in L. as "stock
in trade."

PETITION for a writ of certiorari to quash the proceedings of
the county commissioners of Essex, in refusing to abate a tax
assessed by the city of Lynn, on May 1, 1882, upon the estate
of the petitioner.

The case was heard by *C. Allen,* J., and reserved for the con-
sideration of the full court, upon agreed facts, in substance as
follows.

The petitioner is entitled to an abatement of its tax in the
sum of $46.20, unless it is taxable in said sum upon $2200 of
personal property on the following facts:

The petitioner is a foreign corporation, incorporated in New
Jersey, and had on May 1, 1882, a store in Lynn, which it
hires and has complete control over.   Besides $1900 personal
property, on which it admits its liability to taxation, it is taxed
on said $2200, under the Pub. Sts. *c.* 11, § 20, *cl.* 1, as "stock
in trade."   This $2200 worth of property consists of sewing-
machines in Lynn, and in the possession of third persons, under
contracts.   The material parts of the form of these contracts are
as follows:

" This agreement witnesseth, that I,            now residing
at            have rented of the Singer Manufacturing Company
a sewing-machine, style            numbered            and valued

at $        which I have received from said company in good order and condition, and have paid upon account of rent for the same        dollars cash, and I agree to pay said company, at their        for the use of said machine, the further sum of        dollars per month, until I shall have paid the sum of        dollars.

" And I further agree, when I shall have fully paid said rent, I will return said machine and attachments to said Singer Manufacturing Company, or their agent, upon its demand, in as good condition as when received from them, ordinary wear excepted, or will purchase said machine for the sum of one cent. And said Singer Manufacturing Company agrees that, when I shall have fully paid them the said rent as herein stipulated, they will, if I so elect, sell me the said machine for the sum of one cent."

These machines are delivered from the Lynn store, and said contracts are immediately thereafter sent to the general office of the company in Boston, which then takes charge of and enforces them. The employees in the store at Lynn have no further connection with the machines, after their delivery, except to make collections on said contracts and remit them to the Boston office. In case the persons having the machines do not pay under their contracts, the said employees, under general direction from the Boston office, retake possession of the machines. This happens in not more than two cases in a hundred.

*R. E. Harmon*, for the petitioner.

*J. W. Berry*, for the respondents.

W. ALLEN, J. The only question is whether the sewing-machines in question were "stock in trade," within the meaning of the Pub. Sts. *c.* 11, § 20, *cl.* 1. It cannot be questioned that the machines kept by the petitioner in its store in Lynn, for the purpose of sale or letting, belonged to its stock in trade. We see no ground for the contention that a machine ceased to be stock in trade when a contract was made for its sale, or when it was let for hire, and the possession delivered to the lessee. By the contract under which the possession was delivered, the general and taxable property in the machines remained in the petitioner, and was held for the purposes of the business carried on at its store, as fully as if the machines

had remained in the store. See *Boston Loan Co.* v. *Boston*, 137 Mass. 332.

The fact that the petitioner had an office in Boston, under directions from which its agents in charge of the Lynn store acted, does not affect the question. *Petition dismissed.*