# SUPPLEMENT.

### OPINION OF THE JUSTICES TO THE SENATE.

A statute providing for a uniform tax of three mills in each dollar of the cash valu-
ation of certain enumerated classes of intangible personal property and exempt-
ing such property from all other taxation State and local would be in violation
of the provision of the Constitution requiring that taxes shall be proportional.

Whether the total exemption from taxation of certain classes of intangible per-
sonal property to avoid double taxation or for any other justifiable reason
would be in violation of the provision of the Constitution requiring that taxes
shall be proportional is an open question.

ON March 23, 1908, the following order was passed by the
Senate and on March 26 was transmitted to the Justices of the
Supreme Judicial Court. On April 3, 1908, the justices
returned the answer which is subjoined:

Senate, March 23, 1908.

ORDERED, That the Senate hereby requests the opinion of the
Justices of the Supreme Judicial Court on the following impor-
tant question of law:

Is it within the constitutional power of the General Court to
enact a law exempting from all other taxation, State and local,
the classes of intangible personal property hereinafter enumer-
ated, and to impose thereon, either as a property tax, duty, or
excise, a uniform tax at the rate of three mills in each dollar of
the fair cash valuation thereof, viz.:

(1) Money on hand, on deposit, or at interest, and other
debts due the taxpayer;

(2) Public stocks and securities;

(3) The bonds of domestic and foreign corporations;

(4) The shares in the capital stock of foreign corporations
now taxable under the provisions of Chapter 12 of the Revised
Laws?

This question is propounded with a view to legislation set forth in appendix D, of the Report of the Commission on Taxation appointed under the provisions of Chapter 129 of the Resolves of 1907, a copy of which is submitted herewith.

To the Honorable the Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, answer the question submitted to us by your order of March 23, 1908, as follows:

By c. 1, § 1, art. 4 of the Constitution of. Massachusetts, the General Court is empowered " to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth; and also to impose and levy reasonable duties and excises upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the same; . . . And while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised, in order that such assessments may be made with equality, there shall be a valuation of estates within the Commonwealth, taken anew once in every ten years at least, and as much oftener as the General Court shall order." These are the only provisions of this Constitution directly affecting the subject of taxation.

There are other provisions under which the Legislature has acted, relative to particular subjects which involve taxation or exemption from taxation. The third article of the Declaration of Rights, and article XI. of the Amendments which was substituted for it, recognize the importance of the public worship of God, and of instruction in piety, religion and morality, as promoting the happiness and prosperity of a people and the security of a republican government. Accordingly, taxation for these purposes is authorized. As taxation to procure property for such uses is permitted, exemption of property so procured is legitimate, under the special provisions of the Constitution touching this subject. We have also constitutional requirements for the encouragement of literature and science, the diffusion of education among the people, and the promotion of " general

benevolence, public and private charity" and other kindred virtues. Const. Mass. c. 5, § 2. As taxation of the people may be imposed for these objects, property used for literary, educational, benevolent, charitable or scientific purposes may well be exempted from taxation. Such exemptions do not prevent the taxation of the people from being proportional and equal.

The general purpose of the constitutional provision above quoted is to put the burdens of government equally upon all the people, in proportion to their ability to bear them. The Legislature has always had this in view. It is obviously impossible to devise any system of taxation that will be absolutely proportional in its operation upon individuals. The best that the Legislature can do is to approximate closely to the result desired, and to avoid every method which has a direct tendency to produce unreasonable or disproportional taxation.

The constitutional provision authorizes a poll tax upon the inhabitants. Ordinarily it is impracticable to make distinctions among men, founded on their personal ability to earn money and contribute to the expenses of government. But it is consistent with the meaning of the Constitution that "persons who, by reason of age, infirmity and poverty are . . . unable to contribute fully toward the public charges," should be exempt from liability for such charges. R. L. c. 12, § 5, cl. 10. It is not unreasonable and does not tend towards disproportional taxation to recognize the facts that every one must have wearing apparel and use household furniture, and that it would be difficult, if not impossible, to appraise and assess such property among persons of small means, and that, ordinarily, such property ought not to be treated as adding directly to one's ability to pay the expenses of government. Accordingly, all wearing apparel, and household furniture to an amount not exceeding $1,000 in value, is exempted for every owner. In like manner farming utensils and tools of a mechanic are treated as a part of the means of earning one's daily bread, which ought not to be deemed property the possession of which should distinguish its owner from men generally, in reference to his ability to support the government. Certain very young animals are treated in a similar way. A widow, or an unmarried woman of adult age, or a person above the age of seventy-five years, whose whole estate does not

exceed in value the amount of $1,000, is entitled to an exemption to the amount of $500. Persons belonging to either of these classes are considered less able than most persons to contribute towards the expenses of government, and the possession of property by such persons to only a very small amount was treated by the Legislature as not calling for an assessment of it in order to make taxation proportional to the ability of different individuals to pay taxes. Similar provisions have been made, for similar reasons, in behalf of certain disabled soldiers and sailors, and their wives or widows.

Plainly, property taken and held for a public use need not be taxed in order to make the taxation of the people proportional and equal. *Wayland* v. *County Commissioners*, 4 Gray, 500. Certain property held by Grand Army associations, as well as the Bunker Hill monument, and places dedicated to the burial of the dead, have been treated by the Legislature as properly set apart for uses that are *quasi* public or charitable, which should not subject the holders of the title to added liability for the expenses of the government. There is also a statute exempting certain plantations of timber trees for a certain time after the planting of the trees. R. L. c. 12, § 6. It is proper that one's income, to a reasonable amount, should be treated as necessarily consumed for the support of himself or of his family, so that only the excess above such amount should be regarded as property increasing his ability to pay taxes. R. L. c. 12, § 4.

The excise taxes authorized by the Constitution must be reasonable, but need not be proportional. This method of taxation has been applied to most corporations in this Commonwealth, and the constitutionality of the legislation has been established. Owners of stock in corporations which pay an excise tax for the privilege or commodity of doing business and holding and managing property in the business are usually exempted from taxation on their stock, on the ground that otherwise they would be subject to double taxation. Said Chief Justice Bigelow in *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 428, 437, in sustaining the validity of such an excise tax, " The exemption of depositors from direct taxation on the amount of their respective deposits in savings banks, by § 12, obviates an objec-

tion — that of double taxation, as already shown — which might otherwise have been urged against the reasonableness of the tax.    Nor can it be justly said that this exemption is such as to render the general tax on property throughout the Commonwealth unequal and disproportionate.    A large portion of such deposits being under $500 in amount, and for that reason not included in the returns to assessors required by Gen. Sts. c. 57, § 150, usually escapes taxation in the ordinary methods, while the residue is of an amount so comparatively insignificant that its exemption cannot essentially disturb the rates of taxation on other species of property.    But if it were otherwise, we doubt whether it would furnish any ground for invalidating the tax on the corporation.    That might be valid, although the exemption might be deemed void."    So in *Commonwealth* v. *Provident Institution for Savings*, 12 Allen, 312, 315, the same judge said of the excise tax, " It is certainly true that any assessment imposed on a savings bank operates as an indirect tax on the property of the depositors."

If a reasonable excise tax is lawfully imposed upon a corporation, according to the amount of its property or business, it is in the power of the Legislature, for the purpose of avoiding double taxation, to exempt its property held and used in the business for which the excise tax is paid, and to exempt the stockholders, or owners of the beneficial interest in this property, from liability to a property tax upon it.

Under R. L. c. 12, § 7, owners of ships and vessels engaged in the foreign carrying trade are made liable to a tax which is assessable upon the net yearly income derived from the vessels. Whether this was intended as an excise tax, or was made assessable in this way, with an exemption of the vessels themselves, for the encouragement of the business, and because the vessels are not within the Commonwealth and so not within the constitutional provision, is not clear.

It is manifest from the language of the Constitution, and from the legislation under it, that all property within the Commonwealth which is owned and held in such a way that it ought to be available by its owner to increase his ability and enlarge his duty to assist in defraying the expenses of the government, must be included in the property upon which assessments are made.

The constitutionality of some of the statutes to which we have referred has not been affirmed, and may be questionable. But nearly all of them are consistent with the view that all available property should be taxed according to its value, for the purpose of establishing the proportional ability and duty of individual owners to bear their burdens as citizens.

In *Portland Bank* v. *Apthorp*, 12 Mass. 252, 255, Chief Justice Parker said of the first branch of the power given by the Constitution : " Those taxes must be proportional upon all the inhabitants of, persons resident and estates lying within the Commonwealth. The exercise of this power requires an estimate or valuation of all the property in the Commonwealth ; and then an assessment upon each individual, according to his proportion of that property. To select any individual or company, or any specific article of property, and assess them by themselves, would be a violation of this provision of the Constitution. . . . The former provision [that just referred to] seems to be intended as a contribution of the individual citizens, in proportion to the property, whether real or personal, which they are respectively worth." In *Oliver* v. *Washington Mills*, 11 Allen, 268, 275, Chief Justice Bigelow says of taxes assessed under this clause of the Constitution, that they " should be laid on property, real and personal, within the Commonwealth, so that, taking 'all the estates lying within the Commonwealth' as one of the elements of proportion, each taxpayer should be obliged to bear only such part of the general burden as the property owned by him bore to the whole sum to be raised. This rule of proportion was based on the obvious and just principle that the benefit which each person derives from the government has direct relation to the amount of property which he possesses and enjoys under its sanction and protection. It was to prevent this essential principle from being violated or disregarded, and to render it certain that taxation for general purposes of government should be made equal, that it was expressly provided in the Constitution that a valuation of estates within the Commonwealth should be taken anew decennially at least, and oftener if the Legislature should order. Having regard to these explicit provisions of the Constitution, we think it clear beyond dispute that an unlimited discretion on the subject of taxation, especially

as to money raised for the public charges of government, was not reposed in the Legislature." Similar doctrine is found in *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298, 300. Mr. Justice Wells said, in speaking of this part of the Constitution, in *Cheshire* v. *County Commissioners*, 118 Mass. 386, 389, " That provision requires that all taxes levied under its authority be ' proportional and reasonable,' and forbids their imposition upon one class of persons or property at a different rate from that which is applied to other classes, whether that discrimination is effected directly in the assessment or indirectly through arbitrary and unequal methods of valuation. . . . No enactment respecting taxation under this clause conforms to its provisions if it directly and necessarily tends to disproportion in the assessment." In *Northampton* v. *County Commissioners*, 145 Mass. 108, 109, the language of Mr. Justice Devens is as follows : " If, for instance, the Legislature should arbitrarily designate a certain class of persons on whom, or a certain class of property on which, a tax was to be imposed, without reference to any rule of proportion, or without regard to the share of the public charge which either should bear relatively to that borne by other persons or property, or without regard to any special benefit which might accrue to the property subjected to the tax, such imposition would be unlawful." Chief Justice Morton said of this provision of the Constitution : " It forbids the imposition of a tax upon one class of property at a different rate from that which is applied to other classes." *Connecticut Ins. Co.* v. *Commonwealth*, 133 Mass. 161, 162. Of the tax under discussion in *Gleason* v. *McKay*, 134 Mass. 419, 424, this court said : " Regarded as a tax on property, the tax we are considering would be invalid, because not proportional ; it would be an imposition upon certain property at a rate different from that to which other property in the Commonwealth is subject." The rule is recognized in numerous cases that have lately been before the court in regard to the assessment of betterments. See *White* v. *Gove*, 183 Mass. 333, 335.

Similar views have been expressed by courts in other States whose constitutions limit strictly the methods of taxation. *Zanesville* v. *Richards*, 5 Ohio St. 589. *McCurdy* v. *Prugh*, 59 Ohio St. 465. *Hunsaker* v. *Wright*, 30 Ill. 146. *Chesapeake &*

*Ohio Railway* v. *Miller,* 19 W. Va. 408.    *State* v. *Poynter,* 59 Neb. 417.   *Hogg* v. *Mackay,* 23 Ore. 339.   *Board of Councilmen* v. *Scott,* 101 Ky. 615.   *Brewer Brick Co.* v. *Brewer,* 62 Maine, 62.

It is not necessary to consider whether the whole or a part of the intangible property referred to in the question propounded to us could be altogether exempted to avoid double taxation or for any other justifiable reason, and we do not intimate that that cannot be done. Upon that point we express no opinion. A right to exempt as a whole even if it exists does not authorize a partial exemption conditional upon the property exempted paying an arbitrary percentage which is not proportional. The mere right to own and hold property such as is referred to in the question cannot be made the subject of an excise tax.

The natural and direct effect of the exemption referred to in the question propounded by the honorable Senate would be to diminish very largely the amount of property taxable at the regular rate, and to impose upon the exempted property a tax at hardly more than one fifth of the average rate in the cities and towns of the Commonwealth. This would tend largely to increase the rate upon other classes of property, and thus to make the tax disproportional. We are of opinion that such a method of taxation would be unconstitutional.

The only plausible argument to be urged to the contrary is that, because of the difficulty of enforcing the law in the taxation of intangible property, much of it goes untaxed, and the proposed exemption of it in part would be likely to produce greater returns from it than are obtained under the present system. We do not think that this conjecture, founded on the failure to enforce the present law, and the possibility that a statute less onerous upon the owners of this class of property would be better enforced, justifies a method of taxation which is necessarily, and by intendment, very disproportional. To warrant a plain departure from the general rule prescribed by the Constitution, it would be necessary to show, not only that this rule fails to accomplish the object of its authors, but that the proposed rule, confessedly far from correct, would be almost certain to give better results. Predictions, resting on the non-enforcement of one law and the uncertainty whether another

similar but less burdensome law would be enforced, are too unreliable to warrant a disregard of a simple rule of proportion embodied in the Constitution.

But if these were established facts they would not justify a departure from the plain meaning of the Constitution requiring taxes to be proportional. The legislation proposed is very different from an exemption of personal property situated in another State, which presumably is taxed there.

We are constrained to answer the question in the negative.

MARCUS P. KNOWLTON.

JAMES M. MORTON.

JOHN W. HAMMOND.

WILLIAM CALEB LORING.

HENRY K. BRALEY.

HENRY N. SHELDON.

ARTHUR PRENTICE RUGG.

April 3, 1908.