THE CONNECTICUT VALLEY TOBACCO ASSOCIATION, INCORPORATED, *vs.* INHABITANTS OF AGAWAM.

Hampden. September 22, 1927. — October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax*, Upon nonprofit foreign corporation.

A foreign corporation of a coöperative character, having no capital stock, which is conducted for the purpose of mutual aid in warehousing, storing, and marketing tobacco raised by the members, and whose charter states that it "will make no profits for itself under any of its activities and all

of its profits shall be for the mutual benefits of its members only and shall be coöperative in character," is not subject to an excise under G. L. c. 63, but is subject to a tax assessed by a town under G. L. c. 59, § 2, upon personal property owned by it and situated in the town.

CONTRACT, under G. L. c. 60, § 98, for the amount of a tax alleged to have been void and illegal and paid under protest. Writ dated July 29, 1924.

In the Superior Court, the action was heard by *Lummus*, J., without a jury, upon an agreed statement of facts, which are stated in the opinion. Judgment was entered for the defendant. The plaintiff appealed.

*T. R. Hickey*, for the plaintiff.

*S. Adams*, for the defendant.

BRALEY, J. The plaintiff, a corporation chartered August 25, 1922, under the laws of the State of Connecticut, is a coöperative agricultural association without capital stock, the membership of which consists of farmers resident in that State and in this Commonwealth. It is conducted for the purpose of mutual aid in warehousing, storing, and marketing tobacco raised by the members, and since January 1, 1923, it has maintained a usual place of business in the city of Northampton. By the terms of the charter it "will make no profits for itself under any of its activities and all of its profits shall be for the mutual benefits of its members only and shall be coöperative in character." The corporation under G. L. c. 181 was properly registered as a foreign corporation doing business in Massachusetts, and on April 18, 1923, it filed the tax return required by G. L. c. 181, for the determination of taxes to become due from a foreign business corporation, which contained a statement that "The Connecticut Valley Tobacco Association, Inc., is not organized for profit and is not required to make the return of income on this tax return." It did however make a statement in the return, that on April 1, 1923, its assets consisting of merchandise were valued at $6,139,031, and, in reply to an inquiry from the commissioner of taxation, it disclosed that on April 1, 1923, it had within the Commonwealth tobacco of the value of $1,824,771 of which 126,650 pounds was located in a warehouse in the town of Agawam.

The assessors of the town of Agawam for the year 1923 duly required all persons, firms and corporations to bring in lists of their taxable property situated within the town as provided in G. L. c. 58, § 5, and G. L. c. 59, § 29. But the plaintiff did not file a list, and the assessors made no assessment of the plaintiff's property as of April 1, 1923. But, proceeding under G. L. c. 59, § 75, the assessors in December, 1923, assessed a tax on the tobacco situated within the town on April 1, 1923, and entered the assessment on the tax list transmitted to the collector of taxes. The collector presented a bill for the taxes which the defendant declined to pay, claiming that the tax was illegal and void, and on February 11, 1924, it made application to the assessors for an abatement, and at their request filed a list as prescribed by G. L. c. 58, § 29. The assessors after a hearing made a partial reduction of the valuation as originally fixed, abated the tax accordingly, and delivered to the collector a certificate of the abatement. The plaintiff on April 25, 1924, received from the collector the revised tax bill which it paid under a protest in writing that the tax was void and illegal, and thereupon brought the present action to recover the amount as provided in G. L. c. 60, § 98.

The tobacco on which the tax was levied was the property of the plaintiff. It was situated within the Commonwealth where the plaintiff maintains a usual place of business, and by G. L. c. 59, § 2, "All property, real and personal, situated within the Commonwealth . . . unless expressly exempt, shall be subject to taxation." It is contended by the plaintiff, that the right of local taxation did not exist because by St. 1919, c. 355, § 27, the tangible personal property of a foreign corporation subject to this act other than machinery used in manufacture shall be exempt from local taxation. But G. L. c. 63, relating to the taxation of corporations, which took effect December 31, 1920, defines in § 30 a domestic business corporation as a corporation organized under or subject to G. L. c. 156, and every corporation, association or organization established, organized or chartered under laws other than those of the Commonwealth for purposes for which domestic corporations may be organized

or chartered is classed as a foreign corporation. By G. L. c. 63, § 39, every foreign corporation is subject to an excise and shall pay annually with respect to the carrying on or doing business by it within the Commonwealth an amount equal to $5 per thousand upon the value of the corporate excess employed by it within the Commonwealth. The corporation shall also pay an amount equal to two and one half per cent of that part of its net income "as defined in section thirty and in this section, which is derived from business carried on within the Commonwealth." It is provided in G. L. c. 156, § 1, that a business corporation means a corporation to which § 2 of this chapter applies, and § 2 declares that the statute shall apply "to agricultural . . . organizations, instituted for purposes of mutual help, which corporations, if formed for the purpose of doing business at cost for the benefit of their members, shall not be required to have capital stock."

The plaintiff corporation is not an agricultural corporation but was organized for mutual help in warehousing and marketing tobacco and it has no capital stock, and no corporate excess or net income on which an excise may be laid under G. L. c. 63, § 39. The plaintiff refers to St. 1923, c. 438, and also cites *Alpha Portland Cement Co.* v. *Commonwealth*, 244 Mass. 530, 545, as supporting its position. The fourth section of the statute however expressly provides that any corporation, association or organization now or hereafter established, organized or chartered without capital stock for a similar purpose under laws other than those of the Commonwealth shall not be liable to taxation under the provisions of G. L. c. 63 but shall be liable to taxation under the provisions of G. L. c. 59 in the same manner and to the same extent as an individual or partnership. The statute in so far as applicable to the case at bar did not change, but was merely declaratory of the existing statutory law to which sufficient reference has previously been made. See *Ryalls* v. *Mechanics Mills*, 150 Mass. 190. We find nothing in *Alpha Portland Cement Co.* v. *Commonwealth, supra,* where a foreign business corporation organized with a capital stock and manufacturing and selling cement for profit sought

exemption from taxation, that is in conflict with our construction on the present record of the pertinent statutes.

The plaintiff corporation not having been subject to an excise under G. L. c. 63, the taxes imposed by the assessors as required by G. L. c. 59, § 2, were lawful.

*Judgment for defendant affirmed.*