ASSESSORS OF BOSTON *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.
SAME *vs.* GREAT AMERICAN INSURANCE COMPANY.

Suffolk.   December 4, 1945. — January 6, 1947.

Present: FIELD, C.J., LUMMUS, WILKINS, & SPALDING, JJ.

*Taxation,* Personal property tax: exemption; Foreign corporation. *Constitutional Law,* Taxation. *Insurance,* Foreign company. *Words,* "Taxation."

Excises are included in the word "taxation" as used in the phrase in G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, "subject to taxation under section twenty . . . [or] section twenty-three" of c. 63.

The exemption from the local personal property tax granted by G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, with respect to property of a foreign life insurance company "subject to taxation" by excise under § 20 of G. L. (Ter. Ed.) c. 63, or property of a foreign fire insurance company "subject to taxation" by excise under § 23 of said c. 63, was constitutional as a reasonable exemption justifiable on the ground of avoidance of double taxation, although the excise upon the life insurance company was measured by the "net value of all policies in force" upon lives of residents of this Commonwealth and the excise on the fire insurance company was measured by the premiums and assessments for insurance of property or interests in this Commonwealth.

APPEALS from decisions by the Appellate Tax Board.

*J. W. Kelleher,* Assistant Corporation Counsel, for the assessors of Boston.

*B. G. Davis,* for Great American Insurance Company.

*S. C. Woodworth,* (*A. L. Hyland* with him,) for Metropolitan Life Insurance Company.

FIELD, C.J.   These are two appeals by the board of assessors of Boston, hereinafter referred to as the assessors, from decisions of the Appellate Tax Board, in one case abating a tax assessed for the year 1942 to the Metropolitan Life Insurance Company upon personal property in said city owned by it, and in the other case abating a similar tax assessed to the Great American Insurance Company

for the same year upon such property owned by it. The insurance companies are herein referred to as the taxpayers.

The Metropolitan Life Insurance Company is a life insurance company incorporated under the laws of the State of New York. The Great American Insurance Company is a fire insurance company incorporated under the laws of that State. Each of the taxpayers has an office in Boston and is authorized to do business in this Commonwealth. On January 1, 1942, the Metropolitan Life Insurance Company owned office furniture, supplies and fixtures located in Boston of the assessed value of $6,000. On the same date the Great American Insurance Company owned similar property in Boston of the assessed value of $500. The Metropolitan Life Insurance Company was subject to taxation under G. L. (Ter. Ed.) c. 63, § 20 (as finally amended by St. 1941, c. 509, § 5; see now St. 1943, c. 531, § 1) and § 21. The Great American Insurance Company was subject to taxation under G. L. (Ter. Ed.) c. 63, § 23. The Metropolitan Life Insurance Company was assessed in the city of Boston on its personal property a tax in the amount of $246. This tax was paid on September 12, 1942. The Great American Insurance Company was assessed in the city of Boston on its personal property a tax in the amount of $20.50. This tax was paid on March 24, 1943, with interest thereon and charges amounting to seventy-three cents. These taxes upon personal property were abated by the Appellate Tax Board on the ground that this personal property of the taxpayers was exempt from local taxation, and the assessors appealed to this court.

The Appellate Tax Board was right. The taxpayers were entitled to exemption from local taxation of the personal property in question.

It is provided by G. L. (Ter. Ed.) c. 59, § 2, that "All property, real and personal, situated within the commonwealth . . . unless expressly exempt, shall be subject to taxation." But G. L. (Ter. Ed.) c. 59, § 5, provides that certain property therein described "shall be exempt from taxation," and clause Sixteenth thereof, as appearing in

St. 1941, c. 467, includes in the property which shall be so exempt, so far as here material, "Property, other than real estate, poles, underground conduits, wires and pipes, and other than machinery used in manufacture or in supplying or distributing water, owned . . . by foreign corporations subject to taxation under section twenty, section twenty-three or section fifty-eight of said chapter [c. 63]; provided, that, in the case of property owned by foreign corporations subject to taxation under said section twenty or under said section twenty-three, the laws of the state of incorporation . . . grant similar exemption from taxation of tangible property owned by like corporations organized under or created by the laws of the commonwealth."

First. Metropolitan Life Insurance Company.

It properly is not contended that this taxpayer — a life insurance company — was not a foreign corporation "subject to taxation under section twenty . . ." of G. L. (Ter. Ed.) c. 63, within the meaning of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467. Said § 20, as finally amended by St. 1941, c. 509, § 5, provides that every "life insurance company . . . authorized to transact business in the commonwealth shall annually pay an excise . . . upon the net value of all policies in force on December thirty-first of the year preceding that in which the tax is payable, issued or assumed by such company on the lives of residents of this commonwealth . . . ." See now St. 1943, c. 531, § 1. This statute imposed an "excise" upon the taxpayer but the word "'Tax' in some connections is a word of comprehensive meaning and may include excises as well as a pecuniary burden laid directly on property." *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 527–528. See also *Commissioner of Insurance* v. *Commonwealth Mutual Liability Ins. Co.* 308 Mass. 385, 387. It is clear that the word "taxation" in G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, in the phrase "subject to taxation under section twenty" is used with a comprehensive meaning including monetary exactions by way of excises. If it were not so, the phrase "subject to taxation under section twenty" of G. L. (Ter.

Ed.) c. 63, as amended, would be meaningless since the only taxation under said § 20 is by way of an excise.

The exemption allowed by G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, is subject to the condition that "in the case of property owned by foreign corporations," such as this taxpayer, "the laws of the state of incorporation [here the State of New York] . . . grant similar exemption from taxation of tangible property owned · by like corporations organized under or created by the laws of the commonwealth." The assessors properly do not now contend that this condition of exemption was not met. It appears from the record that the laws of the State of New York provide: "All real property within this state is taxable unless exempt from taxation by law. Notwithstanding any provision of this chapter, or of any other general, special or local law to the contrary, personal property, whether tangible or intangible, shall not be liable to taxation locally for state or local purposes." See Laws of New York, 1933, c. 470, § 1. That this statute grants a "similar exemption from taxation of tangible property" within the meaning of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, follows from what was said and decided in *Bliss* v. *Bliss*, 221 Mass. 201, 209–211, dealing with the succession tax.

The assessors, however, contend that the exemption allowed by G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, is unconstitutional. This contention cannot be sustained.

The tax imposed by G. L. (Ter. Ed.) c. 59, § 2, and § 5, Sixteenth, as appearing in St. 1941, c. 467, is a tax on property and subject to the provision of the Constitution, Part II, c. 1, § 1, art. 4, that such taxes must be "proportional and reasonable." This constitutional requirement, however, does not preclude reasonable exemptions. See *Opinion of the Justices*, 195 Mass. 607.

The exemption here in question must be sustained, if at all, on the ground of avoidance of double taxation.

It has frequently been recognized that the avoidance of double taxation is a ground for exemption of property

from the local property tax. It was said in *Opinion of the Justices*, 261 Mass. 523, 545, with citation of authorities, with respect to the constitutional requirement that taxes be "proportional and reasonable": "This constitutional mandate as applied to corporations means that property may be exempted from one form of taxation which bears its fair burden for the support of government through some other form of taxation. . . . The principle upon which this kind of exemption rests is avoidance of double taxation, a principle upon which the Legislature has acted in numerous instances."

The principle that avoidance of double taxation justifies the exemption of property from the local property tax is applicable although the other governmental monetary exaction is by way of an excise — which is not levied upon property as such — and not by way of a property tax. It was said in *Opinion of the Justices*, 195 Mass. 607, 611: "If a reasonable excise tax is lawfully imposed upon a corporation, according to the amount of its property or business, it is in the power of the Legislature, for the purpose of avoiding double taxation, to exempt its property held and used in the business for which the excise tax is paid, and to exempt the stockholders, or owners of the beneficial interest in this property, from liability to a property tax upon it." Long before this opinion was expressed by the justices, the court recognized that an excise upon a corporation and a local property tax upon its property do, in effect, result in double taxation. In *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298, affirmed sub nomine *Hamilton Co.* v. *Massachusetts*, 6 Wall. 632, the court sustained as constitutional a statute imposing an excise upon the franchise of a corporation measured by the aggregate market value of the shares of stock of the corporation with a deduction therefrom of the value of the real estate and machinery of the corporation subject to local property taxation in the Commonwealth. The court said: "Inasmuch as all taxes on corporate property operate to take away a portion of that which would otherwise belong to shareholders, it would tend to inequality and to double

taxation, if, in assessing the excise on the franchise, no deduction were made for what was taxed in a different manner elsewhere" (page 306). See also *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 428, 436. And see *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674, 682–683.

It was said in *United Shoe Machinery Corp.* v. *Gale Shoe Manuf. Co.* 314 Mass. 142, 155, of an excise imposed upon a foreign corporation "with respect to the carrying on or doing of business by it within the commonwealth," that undoubtedly "such an excise imposed upon a corporation may to some extent be a 'medium of reaching for taxation' the property of the corporation. . . . That this may be the effect of an 'excise' upon a corporation has been recognized as a ground for exemption from local property taxation of property of a corporation subject to an excise for the purpose of avoiding double taxation." See also *Eastern Massachusetts Street Railway* v. *Boston Elevated Railway*, 310 Mass. 659, 669.

The assessors contend that this excise upon foreign life insurance companies is not within the principle here stated and does not justify exemption from local taxation of personal property since such personal property is "neither directly nor indirectly reached" by the excise measured by the "net value of all policies in force" upon lives of residents of this Commonwealth. It is urged that such excise is not a medium of reaching for taxation the property of the corporation since the excise is not "measured by the amount or extent" of such property.

This contention of the assessors cannot be sustained. This excise was sustained as constitutional in *Connecticut Mutual Life Ins. Co.* v. *Commonwealth*, 133 Mass. 161, against the argument that this excise imposed a property tax in contravention of the constitutional requirements applicable to such taxes. The court, however, in reaching this conclusion said: "Every excise necessarily must finally fall upon and be paid by property, and so may be indirectly a tax upon property" (page 166). This statement was made in a case involving an excise upon a cor-

poration that was not measured wholly or in part by the property of such corporation and was not expressly or impliedly limited to excises so measured. An excise upon a corporation that is not measured wholly or in part by its property may reasonably be regarded as to some extent indirectly taxing the property of the corporation so that double taxation would result from the imposition of the excise on the corporation and of a local property tax upon its property. The exemption of such property from the local property tax for the purpose of avoiding double taxation cannot be said to be unreasonable. The facts that the property exempted from the local property tax bears only a somewhat remote relation to the excise and that such property is not considered in determining the amount of the excise do not necessarily invalidate the exemption since the burden of the excise "necessarily must finally fall upon and be paid by property" of which the property exempted is a part. The Legislature may reasonably have concluded that a foreign life insurance company subject to an excise upon its privilege of doing business within the Commonwealth measured by its policies upon the lives of residents of the Commonwealth would bear its fair burden for the support of government without such corporation being subjected also to a local property tax upon its personal property within the Commonwealth. See *Opinion of the Justices,* 261 Mass. 523, 545. The exemption here in question falls squarely within the language of *Opinion of the Justices,* 195 Mass. 607, 611, that if "a reasonable excise tax is lawfully imposed upon a corporation, according to the amount of its . . . business, it is in the power of the Legislature, for the purpose of avoiding double taxation, to exempt its property held and used in the business for which the excise tax is paid . . .."

The assessors contend further that the exemption allowed by the statute is unreasonable because it allows greater relief from the burden of local taxation to a foreign life insurance company having a large amount of property subject to local taxation within the Commonwealth than it allows to such a corporation having a small amount of such

property though the excises upon the two corporations are the same. But this contention cannot be sustained. The exemption of foreign life insurance companies from local property taxation is allowed for the purpose of avoiding double taxation in accordance with a general rule of exemption. This general rule of exemption cannot be pronounced invalid as discriminatory, unreasonable or arbitrary for the reason that in its application to corporations within the exempted ·class differences in the extent of the relief from the burden of local taxation result from differences in the facts with respect to the several corporations. The Legislature, for the purpose of avoiding double taxation, was not bound to lay down a general rule of exemption from local property taxation that in its application to particular facts would result in uniformity in the amount of such relief. The Legislature may reasonably have concluded that each foreign life insurance company would bear its fair burden for the support of government through the medium of the excise so that an exemption of the property of such corporations from local property taxation would be justified irrespective of the precise extent of the benefit derived by any such corporation from the exemption.

Second. Great American Insurance Company. ·

It properly is not contended that this taxpayer — a fire insurance company — was not a foreign corporation "subject to taxation under . . . section twenty-three" of G. L. (Ter. Ed.) c. 63, within the meaning of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467. Said § 23 provides that every "foreign insurance company coming within the scope of the definition of a foreign company in section one of chapter one hundred and seventy-five, except life insurance companies with respect to business taxable under sections twenty and twenty-one, shall annually pay an excise upon the gross premiums for all policies written or renewed, all additional premiums charged, and all assessments made during the preceding calendar year for insurance of property or interests in this commonwealth, or which are subjects of insurance by contracts issued through companies or agents therein, at the rate of two

per cent but not less in amount than would be imposed by the laws of the state or country under which such company is organized upon a like insurance company incorporated in this commonwealth, or upon its agents, if doing business to the same extent in such state or country." See now St. 1945, c. 721, §§ 2, 5; St. 1946, c. 387, §§ 2, 7. Said § 23 imposed an excise upon the taxpayer and by reason of such "excise" the taxpayer was "subject to taxation" thereunder. The imposition of this excise upon the taxpayer justified the exemption of the property of the taxpayer from local property taxation under G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, on the ground of avoidance of double taxation as already stated in connection with the Metropolitan Life Insurance Company though the measure of the excise imposed upon foreign fire insurance companies differs from the measure of the excise imposed upon foreign life insurance companies. This difference does not affect the governing principles. No further discussion is required.

It follows from what we have said that in the Metropolitan Life Insurance Company case abatement must be granted in the sum of $246 and the treasurer of the city of Boston is ordered to pay to the taxpayer said sum with interest thereon at the rate of four per cent per annum from September 12, 1942, the date of payment of such tax, together with the costs of this appeal, and that in the Great American Insurance Company case abatement must be granted in the sum of $21.23 and said treasurer is ordered to pay to the taxpayer said sum with interest thereon at the rate of four per cent per annum from March 24, 1943, the date of payment of such tax, together with the costs of this appeal. See G. L. (Ter. Ed.) c. 58A, § 13; G. L. (Ter. Ed.) c. 59, § 64; St. 1939, c. 366; *Flint* v. *Commissioner of Corporations & Taxation*, 312 Mass. 204, 213.

*So ordered.*