NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY *vs.* CITY OF BOSTON.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *vs.* SAME.

Suffolk. December 4, 1946. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, & WILLIAMS, JJ.

*Taxation*, Personal property tax: exemption, leased property, machinery; Insurance company. *Words*, "Stock in trade."

Electrical bookkeeping and accounting devices, used in the ordinary conduct of its business by a domestic insurance company to which they were leased by a foreign corporation, classified and taxed as such by the commissioner of corporations and taxation and not engaged in manufacturing within the Commonwealth but assessed for and paying an excise here in part based upon its ownership of such devices, even if they were assumed to be machinery, were not machinery used by the lessor foreign corporation in the conduct of its business but were part of its stock in trade and therefore under G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1941, c. 467, were exempt from local taxation to such lessor.

Clause Second of § 18 of G. L. (Ter. Ed.) c. 59, as appearing in St. 1936, c. 362, § 2, must be interpreted in conjunction with clause Sixteenth of § 5, as appearing in St. 1941, c. 467, and does not authorize assessment to a domestic insurance company of a local tax upon electrical bookkeeping and accounting devices used in its business, whether

such devices are interpreted to be included in the words "machinery" or in the words "tangible personal property" in said clause Second, where the devices are in the possession of the insurance company as a lessee from a foreign corporation which is engaged in this Commonwealth in the business of leasing such devices and is assessed for and pays an excise based in part upon its ownership of the devices and, under said clause Sixteenth, is not subject to local taxation thereon.

EIGHT ACTIONS OF CONTRACT against the city of Boston, four brought by the New England Mutual Life Insurance Company by writs dated, respectively, November 18, 1942, October 28, 1943, November 1, 1944, and October 18, 1945; and four brought by John Hancock Mutual Life Insurance Company by writs dated, respectively, December 24, 1942, November 4, 1943, January 5, 1945, and January 10, 1946.

The cases were reserved and reported by *Forte*, J., to this court upon the pleadings and a "consolidated cases stated," without decision.

*G. Hoague & R. C. Williams, Jr.*, for the New England Mutual Insurance Company, submitted a brief.

*E. L. Twomey*, (*J. A. Perkins* with him,) for the John Hancock Mutual Life Insurance Company.

*K. Hern*, Assistant Corporation Counsel, for the city of Boston.

RONAN, J.    The plaintiff New England Mutual Life Insurance Company brought four actions of contract against the city of Boston to recover taxes paid by it upon personal property which was in its possession under various leases upon the first days of January 1942, 1943, 1944 and 1945, respectively.    The plaintiff John Hancock Mutual Life Insurance Company also brought four actions to recover taxes paid by it upon personal property leased to it and in its possession on the above mentioned dates.    The four actions of each plaintiff were submitted to a judge of the Superior Court upon a case stated.    The judge, at the request of the parties and without decision, reserved and reported the actions to this court.

Both plaintiffs are domestic life insurance companies having their principal offices in Boston.    Neither engages in any other business.    The property taxed to the plaintiffs comprised electric bookkeeping and accounting devices, which

were used by them in the ordinary conduct of their business
in making up records, mailing letters, keeping accounts with
policyholders and others, preparing numerous complicated
actuarial calculations, and mailing, receiving and handling
hundreds of checks daily.  This personal property was leased
to the respective plaintiffs by different lessors.  The lessors
were foreign corporations, engaged in the business of manu-
facturing and leasing these devices.  Each of the lessors was
authorized to engage in business within the Commonwealth
during the years 1942, 1943, 1944 and 1945.  Each had been
classified by the commissioner of corporations and taxation
as a foreign corporation, as defined in G. L. (Ter. Ed.) c. 63,
§ 30.  See St. 1943, c. 459, § 1.  None of them was a manu-
facturing corporation, as defined in G. L. (Ter. Ed.) c. 63,
§ 42B, as appearing in St. 1937, c. 383, § 2, and none was
engaged in manufacturing within this Commonwealth.
None of them was a corporation without capital stock sub-
ject to taxation under G. L. (Ter. Ed.) c. 157, § 18.  Each
of the lessors during these four years filed with the commis-
sioner of corporations and taxation corporate excise tax
returns under G. L. (Ter. Ed.) c. 63, § 40, as appearing in St.
1933, c. 58, § 2, in which was included the property leased
by that particular lessor to one of the plaintiffs, and each
of the lessors paid to the Commonwealth all corporate ex-
cise taxes and all other taxes due to the Commonwealth.

The plaintiffs contend that the property was exempt from
local taxation by virtue of G. L. (Ter. Ed.) c. 59, § 5, Six-
teenth, as appearing in St. 1941, c. 467.  Section 5 enumer-
ates certain classes of property which are exempt from local
taxation.  Certain property of certain corporations is ex-
empted by clause Sixteenth of that section, which  in so far
as material, reads as follows: "Sixteenth, Property, other
than real estate, poles, underground conduits, wires and
pipes, and other than machinery used in manufacture or in
supplying or distributing water, owned by Massachusetts
saving banks or co-operative banks, by Massachusetts cor-
porations subject to taxation under chapter sixty-three
except domestic business corporations as defined in section
thirty of said chapter or domestic manufacturing corpora-

tions, as defined in section thirty-eight C of said chapter, or by foreign corporations subject to taxation under section twenty, section twenty-three or section fifty-eight of said chapter; . . . also property, other than real estate, poles, underground conduits, wires and pipes, and other than machinery used in the conduct of the business, owned by domestic business corporations or by foreign corporations, as defined in section thirty of chapter sixty-three; . . . provided, that the term 'machinery used in the conduct of the business' shall not, as herein used, be deemed to include stock in trade."

The lessors were, doubtless, foreign corporations, as defined in § 30 of c. 63, as amended, and the leased property was exempted by clause Sixteenth from local taxation unless it was machinery used by the lessors in the conduct of their business and not a part of their stock in trade.

We assume, without deciding, that this personal property which was in the possession of the respective plaintiffs as lessees was machinery. *Murphy* v. *O'Neil*, 204 Mass. 42. The leased property, however, was a part of the merchandise which the lessors owned and held for the purpose of leasing it in the usual course of their business to those who were willing to hire it. The leasing of the machinery was the means employed by the lessors to conduct their business just as the sales of goods over the counter by a merchant are the method by which he maintains his business. The machinery was as much stock in trade of the lessors as were the goods of the merchant. It was held in *Singer Manuf. Co.* v. *County Commissioners of Essex*, 139 Mass. 266, that sewing machines owned by a foreign corporation having a store in Lynn, in the possession of third persons under contracts by which such persons agreed to pay rent for such machines and, after such rent had been fully paid, to purchase said machines, were "stock in trade" of the petitioner within Pub. Sts. c. 11, § 20, First, providing that the stock in trade should be taxed in the place where the owners hired or occupied a manufactory, store, shop or wharf. It was said at pages 267–268 that "It cannot be questioned that the machines kept by the petitioner in its store in Lynn,

for the purpose of sale or letting, belonged to its stock in trade. We see no ground for the contention that a machine ceased to be stock in trade when a contract was made for its sale, or when it was let for hire, and the possession delivered to the lessee. By the contract under which the possession was delivered, the general and taxable property in the machines remained in the petitioner [the lessor], and was held for the purposes of the business carried on at its store, as fully as if the machines had remained in the store." It was said in *New York Biscuit Co.* v. *Cambridge,* 161 Mass. 326, that stock in trade means "the visible and tangible property with which the trade or business of the owner is carried on, and to which it relates." The property leased to these plaintiffs constituted the stock in trade of the lessors. See *Boston Loan Co.* v. *Boston,* 137 Mass. 332; *Renziehausen* v. *Lucas,* 280 U. S. 387; *Roney* v. *Commissioner of Internal Revenue,* 67 Fed. (2d) 165; *Charles J. Off & Co.* v. *Morehead,* 235 Ill. 40.

The leased property being a part of the stock in trade of the lessors, it was not subject to a local tax to them so long as they were the owners; and it having been included in the excise taxes paid by the lessors, it ought not to be burdened further by a local tax. The instant taxes, however, have been assessed to the lessees, and the question arises whether the exemption which the property had enjoyed was destroyed by a transfer of its possession and use to them by the owners. Clause Sixteenth which creates the exemption does not require the retention of possession by the owner as a prerequisite to the existence and continuance of the exemption. Where an exemption from local taxation is conditioned upon the retention of possession or use of the property by the owner, it is usual for the Legislature to express such conditions in the statute. See, for example, *Grasselli Chemical Co.* v. *Assessors of Boston,* 281 Mass. 79; *Assessors of Weston* v. *Trustees of Boston College,* 296 Mass. 399; *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544; *Animal Rescue League of Boston* v. *Assessors of Bourne,* 310 Mass. 330; *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638. Unless this exemption which

is on the property itself is controlled by some other statutory provision authorizing the assessment of a local tax to the lessees upon this property, the latter are not liable for the tax. We proceed to consider the statutes which the defendant contends make the property subject to such a tax to the lessees.

The city points to general provisions of our statutes authorizing the taxation of personal property, G. L. (Ter. Ed.) c. 59, §§ 2, 4, but these sections and the original statutes from which they stem have been held not to authorize the imposition of a property tax upon the personal property of domestic corporations before or since the enactment of St. 1864, c. 208, adopting our present system of an excise tax on domestic corporations, or in the case of foreign corporations before or since the enactment of St. 1919, c. 355, Part II, establishing a similar excise taxing system for foreign corporations, except where a statute in specific terms provided for a tax upon certain personal property of a corporation, or where such property, not being indirectly included in a tax to the shareholders under our former taxing system or under our present system of a corporate excise tax, escaped all taxation. The history of the taxation of corporate tangible personalty has been frequently set forth in our decisions. *Salem Iron Factory Co.* v. *Danvers*, 10 Mass. 514. *Worcester* v. *Board of Appeal*, 184 Mass. 460. *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385. *Connecticut Valley Tobacco Association, Inc.* v. *Agawam*, 261 Mass. 110. *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674.

The city relies upon G. L. (Ter. Ed.) c. 59, § 18, as amended by St. 1933, c. 254, § 30, which provides for the assessment of "All taxable personal estate within or without the commonwealth . . . to the owner in the town where he is an inhabitant on January first, except as provided in chapter sixty-three and in the following clauses of this section." The second clause of this section, as appearing in St. 1936, c. 362, § 2, reads as follows: "Second, Machinery employed in any branch of manufacture or in supplying or distributing water, including machines used or operated under a stipulation providing for the payment of a royalty

or compensation in the nature of a royalty for the privilege of using or operating the same, and all tangible personal property within the commonwealth leased for profit, or, in the case of domestic business and foreign corporations as defined in section thirty of chapter sixty-three, machinery used in the conduct of the business, shall be assessed where such machinery or tangible personal property is situated to the owner or any person having possession of the same on January first."

In so far as clause Second deals with the assessment of personal property of a corporation, it must be interpreted in conjunction with clause Sixteenth as a part of a single system for the taxation of such property. The Legislature in extending or restricting the exemptions from a direct tax upon the personal property of corporations by clause Sixteenth has made corresponding changes in clause Second so that the latter would not apply to corporate personalty exempted from local taxation by the former. For instance, see St. 1924, c. 321, §§ 1, 2; St. 1930, c. 220, §§ 10, 12; St. 1936, c. 362, §§ 1, 2; *Boston & Maine Railroad* v. *Billerica*, 262 Mass. 439; *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477. The field for the operation of clause Second relative to the assessment of corporate personal property is restricted to such property as is not exempted by clause Sixteenth.

An examination of clause Second does not support the defendant's contention that the leased property was taxable under this clause to the respective lessees. The property, still assuming that it may properly be regarded as machinery, was not "Machinery employed in any branch of manufacture" by the plaintiffs, for the plaintiffs manufactured nothing. The plaintiffs paid no royalties for the use of the property. Neither can the leased property which the respective plaintiffs possessed and used be said to be "in the case of domestic business and foreign corporations as defined in section thirty of chapter sixty-three, machinery used in the conduct of the business." The property could not be assessed to the lessees because for one reason the plaintiffs, domestic life insurance companies, were not such corporations as defined in said § 30. Insurance companies are classi-

fied as separate and apart from business corporations for the purpose of assessment of corporate excise taxes. The former are assessed in accordance with G. L. (Ter. Ed.) c. 63, §§ 20–29, inclusive, as amended, while the latter are assessed in accordance with said c. 63, §§ 30–52, inclusive, as amended. The taxes of each group are assessed upon an entirely different basis. It would be inconsistent with this taxing system to treat an insurance company as a business corporation and taxable as such. *Connecticut Mutual Life Ins. Co.* v. *Commonwealth*, 133 Mass. 161. *Assessors of Boston* v. *Metropolitan Life Ins. Co.* 320 Mass. 559. We have referred to all the provisions of clause Second that expressly refer to machinery. None of them authorizes the assessment of a local tax to the lessees if the leased property was machinery.

The remaining provision of clause Second purports to authorize the assessment to the owner or the one in possession on the date of assessment of "all tangible personal property within the commonwealth leased for profit." It would seem that a distinction is made in clause Second between machinery and tangible personal property, but we pass by that difficulty and assume in favor of the defendant that the property comes within the description of tangible personal property. The taxation of tangible personal property leased for profit originated in St. 1889, c. 446. In *Lamson Consolidated Store Service Co.* v. *Boston*, 170 Mass. 354, it was held that this statute applied to the property of a foreign corporation leased to a retail merchant and used as a part of the equipment of his store. The case cited does not aid the defendant for the then existing system of taxing machinery and merchandise of a foreign corporation, *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385, 389, was materially changed when foreign corporations became subject to the corporate excise tax and their tangible personal property "other than machinery used in manufacture" became exempt from local taxation, St. 1919, c. 355, § 27, and the taxation of such property was put upon substantially the same basis as that of similar property of a domestic corporation. St. 1919, c. 355, § 12. See now clause

Sixteenth; *Judson Freight Forwarding Co.* v. *Commonwealth*, 242 Mass. 47; *Atlantic Lumber Co.* v. *Commissioner of Corporations & Taxation*, 292 Mass. 51, affirmed 298 U. S. 553. The reason for exempting such personal property of both domestic and foreign corporations from a local tax is to avoid the double taxation which would result if the property were subject to local taxation and also were indirectly taxed by being included in the corporate excise tax. *Connecticut Mutual Life Ins. Co.* v. *Commonwealth*, 133 Mass. 161. *Assessors of Boston* v. *Metropolitan Life Ins. Co.* 320 Mass. 559. Double taxation is to be avoided if the taxing statutes may be reasonably interpreted so as to avert that result. *Opinion of the Justices*, 195 Mass. 607, 610, 611. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437, 439, 440. The primary obligation to pay a corporate excise tax in the computation of which the value of the leased property was included, was upon the lessors and not upon the plaintiffs. G. L. (Ter. Ed.) c. 63, § 74. The leased property was properly included in the corporate excise taxes paid by the lessors. G. L. (Ter. Ed.) c. 63, § 39, (1) as appearing in St. 1936, c. 362, § 6. The property having borne its share of the expense of government, the question here is whether the Legislature intended that it should be subjected to a further tax by local assessment.

The words "all tangible personal property within the commonwealth leased for profit" in said clause Second refer to property subject to local taxation and for which the lessor or the lessee may be made liable for the tax depending upon which one the assessors elect to assess. The assessors have no such choice here. The tax could not be assessed to the lessors for reasons already stated. Neither do we think that it could be assessed to the lessees. If, for instance, the latter owned the property, they would not be liable for such a tax because the property would come within the exemption created by clause Sixteenth as the lessees were "Massachusetts corporations subject to taxation under chapter sixty-three" and were not "domestic business corporations as defined in section thirty of said chapter or domestic manufacturing corporations, as defined in section thirty-eight C

of said chapter," and the property would not be machinery that was used in the conduct of its business by a domestic business corporation, as already pointed out. It is to be observed that the instant taxes were assessed upon the value of the property and to the same extent as if the lessees were the owners. The assessments were not upon their interests as lessees. It would be strange if they could be held liable for a tax to the same extent as if they owned the property when they could not be held liable if in fact they owned it. We are of opinion that the provision contained in clause Second relative to the taxation of tangible personal property leased for profit does not apply to the instant cases. A literal construction of this statutory provision is not to be adopted where it would result in subjecting to local taxation personal property exempt from such taxation by another statute not requiring the retention of ownership and possession for the existence of the exemption, where it would also result in a local tax to a domestic life insurance company upon personal property not owned by it, and where it would be contrary to the legislative plan exempting all personal property (assuming that the company does not use poles, conduits, wires, pipes, and machinery in manufacturing or in supplying water) of such a company from local taxation and levying an excise tax based solely upon the net value of all its policies or, more recently, upon premiums received (St. 1943, c. 531) — a plan containing no provision for a deduction from the excise tax on account of the payment of any taxes similar to the instant taxes. *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147, 150. *Cullen* v. *Mayor of Newton*, 308 Mass. 578, 583, 584. *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547, 550. *Commissioner of Corporations & Taxation* v. *Adams*, 316 Mass. 484, 487.

Judgment in each action should be entered for the plaintiff for the amount paid together with interest from the date of payment.

*So ordered.*