NEW YORK BISCUIT COMPANY *vs.* CITY OF CAMBRIDGE.

Middlesex.    March 2, 1894. — May 17, 1894.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Tax — Debts due — Goods, Wares, and Merchandise.*

Debts due do not come within the description of goods, wares, merchandise, and other stock in trade, taxable under Pub. Sts. c. 11, § 20, cl. 1.

MORTON, J.    The question in this case is whether the debts due to the plaintiff in connection with its business at Cambridge from various persons, firms, and corporations are taxable there as goods, wares, merchandise, and other stock in trade, under Pub. Sts. c. 11, § 20, cl. 1.    Debts due to a person are certainly not goods, wares, or merchandise.    The latter words occur in the statute of frauds, (Pub. Sts. c. 78, § 5,) and though it is held in this State that shares in corporations are goods, wares, and merchandise within the meaning of that statute, it is said that " the words of the statute have never yet been extended . . . beyond securities which are subjects of common sale and barter, and which have a visible and palpable form."    *Somerby* v. *Buntin,* 118 Mass. 279, 285.    There is no reason why a wider meaning should be given to them when applied to taxable property.    It is said in *Boston Investment Co.* v. *Boston,* 158 Mass. 461, 463, that " it is not contended, and it could not successfully be contended, that money in bank is ' goods, wares, merchandise,' or ' stock in trade,' within the meaning of the first clause of § 20 of c. 11 of the Public Statutes."    If money in bank does not constitute stock in trade, clearly debts due one do not.    The language of the statute is " all goods, wares, merchandise, and other stock in trade," etc., and we think it apparent from the connection and the rest of the clauses that by stock in trade is meant the visible and tangible property with which the trade or business of the owner is carried on, and to which it relates. See *Hittinger* v. *Westford,* 135 Mass. 258, 260.

According to the agreed facts, judgment should be entered for the plaintiff for fourteen hundred and twenty-six dollars and interest from October 10, 1891, and it is    *So ordered.*

*D. A. Dorr,* for the plaintiff.

*G. A. A. Pevey,* for the defendant.