[Civ. No. 2934. First Appellate District, Division One.—July 19, 1919.]

KIRKMAN NURSERIES (a Corporation), Respondent, v. J. J. SARGENT, Appellant.

[1] CONTRACTS—PLANTING AND CARING FOR FIG CUTTINGS—DELIVERY OF DEVELOPED CUTTINGS—TITLE.—Under a contract between a nursery company and the owner of certain land which provides that the former will deliver to the latter certain fig cuttings of assorted varieties, free of charge, which the latter is to plant and raise upon his land, and during the two winters next succeeding deliver to the former such thereof as shall have developed into young fig trees, three feet in height, free from pest or injury of any kind, at a given price per thousand f. o. b. at designated point, the title to the cuttings, and to the nursery stock into which they develop, remains in the nursery company.

[2] ID.—SALE OF LAND—LIABILITY OF SUCCESSOR—CLAIM AND DELIVERY.—A person taking a conveyance of the land from such owner with notice of the rights of the nursery company stands in the same position as his predecessor; and where he refuses to make deliveries of the nursery stock to the nursery company as in the agreement provided, the latter may maintain an action in claim and delivery against him.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts & Ewing, M. G. Gallaher and Savage & Lovejoy for Appellant.

Short & Sutherland and Carl E. Lindsay for Respondent.

KERRIGAN, J.,—This is an appeal by defendant from a judgment in favor of the plaintiff in an action of claim and delivery to recover the possession of a quantity of growing nursery stock.

The plaintiff and one B. F. Rose, on February 15, 1915, entered into a written contract, by the terms of which the plaintiff was to deliver to Rose one hundred thousand fig cuttings of assorted varieties free of charge, which Rose was to plant and raise upon his land, and during the winter of

1915–16, and again in the winter of 1916–17, deliver to plaintiff such of said cuttings as should have developed into young fig trees, three feet in height, and which were free from pests or injury of any kind, at the price of $30 per thousand f. o. b. a designated point. In the month of July following the execution of this contract Rose, having obtained the permission of the plaintiff, transferred to the defendant his interest in the land in which the fig cuttings were planted, who, as the evidence shows, was at that time fully advised of the nature of the transaction between plaintiff and Rose, recognized the contract, and proceeded to act under it for a time, when, for some reason not disclosed by the record, he repudiated it and refused to make further deliveries of the young trees.

The appellant contends that the transaction between the plaintiff and Rose amounted to no more than a contract by the plaintiff to purchase from Rose certain nursery stock at an agreed price; and that by his acquisition from Rose of the land upon which such stock was growing he became the owner thereof, and consequently that the plaintiff's action in claim and delivery cannot be sustained.

[1]   The question as to whether the cuttings when planted became annexed to the real estate so as to pass with it turns upon the intention of the parties.   (19 Cyc. 1048; *Henry* v. *Dinkerhoff*, 57 Cal. 3, [40 Am. Rep. 107]; *Western Union Tel. Co.* v. *Modesto Irr. Co.*, 149 Cal. 662, [9 Ann. Cas. 1190, 87 Pac. 190].)   From the terms of the contract under consideration, we think it must be held that title to the cuttings, and to the nursery stock into which they developed, remained in the plaintiff; and we also think that the evidence is clear that the defendant purchased the land in which they were planted with notice of the contract and of plaintiff's rights.   The contract, as already mentioned, provided that the cuttings were to be delivered to Rose by the plaintiff free of expense of any kind, and were to be planted in the land described in the complaint, cultivated and cared for, and for such of them as at specified times became merchantable nursery stock the plaintiff was to pay an agreed price per thousand.   That Rose's compensation for the use of his land and for his work in caring for the cuttings and delivering them when in suitable condition at the place designated should have been fixed in this manner affords no

reasonable inference that the cuttings and the young trees into which they developed were his property; **[2]**   and the defendant, taking a conveyance from Rose of the land in which they were growing with notice of the plaintiff's rights, stands in the shoes of Rose.   That the defendant recognized that the plaintiff retained title to the cuttings after they were planted is shown by the testimony of witnesses, who related conversations with him. When thereafter he refused to make further deliveries to the plaintiff, the plaintiff was justified in regarding the trees as its property and taking action accordingly.   The court in so holding correctly construed the contract herein involved.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1919.

Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.