### In re PENNSYLVANIA NURSERY CO.
### No. 18385.

District Court, W. D. Pennsylvania.
March 27, 1934.

Ritchie T. Marsh, of Erie, Pa., referee in bankruptcy.

W. C. Culbertson, trustee.

George M. Mason, of Erie, Pa., for trustee.

T. P. Dunn and John E. Dwyer, both of Erie, Pa., for Mabel M. Beck.

GIBSON, District Judge.

The bankrupt was engaged in raising for sale shade trees, fruit trees, plants, and shrubbery. In 1909, prior to the occupancy of the land by bankrupt, the farm was mortgaged, and the mortgage later was assigned to Mabel M. Beck, who has petitioned for a review of the referee's decision.

After adjudication, the trustee offered the bankrupt's property for sale in three ways: (a) The real estate alone; (b) the nursery stock alone; and (c) the real estate and nursery stock together. A greater sum being obtained by so doing, the trustee sold the real estate and the nursery stock separately. At the time of sale the purchaser of the real estate, the holder of the mortgage announced her contention that the nursery stock was included in the sale of the real estate. Upon petition for confirmation of sale the referee approved the sale as made, and the purchaser has certified the order of the referee for review.

The purchaser of the realty contends that the nursery stock is to be classed with grass, trees, etc., which are part of the realty, while the trustee asserts that it is to be classed with growing crops which are the products of human labor, and which are impliedly severed and pass to the personal representative of the owner upon his death, or to the trustee in event of the owner's bankruptcy.

In the determination of the dispute we have had no Pennsylvania case cited to us, and the decisions of other states in respect to nursery stock are not in agreement; some cases holding it to be realty, and an approximately equal number holding it to be personalty.

The testimony in the case and the finding of the referee are to the effect that all the trees, shrubbery, etc., sold had been planted by the bankrupt for purposes of sale and not for permanent continuance in the ground. Under such circumstances we can see no definite reason why they should not be classed with growing crops and, as such, impliedly severed by the adjudication in bankruptcy.

The underlying reason for the rule in respect to growing crops is found in the fact that they are the fruits of labor, and not the natural outgrowth of the soil. The nursery stock has been planted and cultivated by labor and differs in that respect from growing corn only in the fact that it is not usually taken from the ground as a yearly crop.

Being of opinion that the nursery stock should be classed with growing crops, it follows that it was impliedly severed by the ad-

judication in bankruptcy. See In the Matter of Buchanan, Bankrupt (D. C.) 24 F. (2d) 553, 11 A. B. R. (N. S.) 376.

The order of the referee is sustained.