[L. A. No. 17199. In Bank.—November 10, 1939.]

CHARLES W. STORY, Appellant, v. ESTELLE PORTER CHRISTIN et al., Respondents.

Clyde C. Shoemaker, Winthrop O. Gordon and William J. Currer, Jr., for Appellant.

Charles A. Christin and Guthrie & Darling for Respondents.

EDMONDS, J.—The appellant's action for the conversion of nursery stock was dismissed by the superior court upon the ground that the complaint does not state a cause of action, and the correctness of that ruling is the only question presented for consideration.

Some years ago, the appellant leased certain real estate owned by the respondents, using it to grow young orange and walnut trees. Later he contracted to purchase the land for an amount payable in instalments. This contract was replaced by one under which the appellant agreed to pay a larger amount for the land but was given three additional years to make the payments required. During the time these contracts were in effect, and in accordance with his rights under each of them, he was in possession of the property, using it to grow nursery stock for sale. Upon his failure to pay interest and taxes as he was required to do, the respondents successfully sued to cancel his contract (*Christin* v. *Story,* 119 Cal. App. 326 [6 Pac. (2d) 301]), and they subsequently were placed in possession of the land under a writ of assistance. The appellant then brought the present action, alleging that after the respondents reentered upon the property, they prevented him from removing the nursery stock and converted it to their own use.

By his complaint the appellant alleged these facts: The nursery trees were planted by him while he was vendee in possession of the property. They were planted closely together in rows and in such close proximity to each other that it was impossible for them to remain in that position for more than a short period, and thereafter develop and become a part of a producing orange orchard or walnut grove. The vendors of the land knew of the buyer's intention to sell and remove these trees after a short period of time. At the time of their conversion by the respondents, many trees had been sold on future delivery, and the appellant at the time of the alleged conversion was endeavoring

to sell the remainder of them. The respondents, and each of them, had full knowledge of these facts, including the sale of trees and contracts for future delivery, and all of the parties understood and intended that the nursery trees should not become permanently annexed to the real estate but should remain the personal property of appellant, to be sold by him for the purpose of planting in orchards.

The appellant also alleged that on or about the day he was put out of possession, and thereafter, he notified the respondents that they were wrongfully withholding and retaining possession of his nursery stock and demanded that they immediately deliver all of it to him, or permit him to remove it from the premises, but they refused to comply with his demand. According to the appellant's theory, as the parties intended that the trees planted by him should not become permanently affixed to the land, they were his personal property and constituted stock in trade for sale to the public in his nursery business. He also asserts that the complaint states a cause of action because facts are alleged which show the conversion of a growing crop wrongfully taken from his possession.

The respondents admit that the nursery trees were not fixtures, but they assert the right to them as a growing crop unsevered from the land at the time the appellant's right to possession was terminated by a judgment. Further stating their position, the respondents claim that a crop is a part of the soil in which it is growing, and only "by an express agreement or by an implied agreement created by estoppel, and not by any intention of the grower", may it be deemed personal property. Upon this point the appellant is charged with an asserted admission or stipulation made by his counsel when the sufficiency of the complaint was being considered, that the written contract for the purchase and sale of the land contains no provision allowing the buyer to remove nursery stock. Also, the respondents claim, the trial court properly took judicial notice of the prior action between the parties and the judgment rendered therein.

The ancient law rigidly applied the maxim *quicquid plantatur solo, solo cedit* and held that whatever was attached to the land in any manner whatsoever was a part of the land. (7 Holdsworth's History English Law, 284;

7 Id. 485.) This rule was applied to plants and trees growing in the soil and also to buildings and other product of man's labor. The tenant, therefore, had no right to remove anything placed upon or annexed to the land, for once annexed it became a part of the land and the landlord's property.

Because of the injustice of the common law in this regard, an exception soon developed and a tenant at will or for life or any possessor of an uncertain estate was given the right to come upon the land and reap the crops which he had planted before the termination of his estate. However, only annual crops which were the natural profit of the soil to which the tenant had contributed by his labor might be taken. (Coke on Littleton, sec. 55b.) This rule is followed in California but the word "crop" has been defined as including fruit grown on trees, although the trees are not included in that term. (*Cottle* v. *Spitzer,* 65 Cal. 456 [4 Pac. 435, 52 Am. Rep. 305].)

Many years ago, it was held that in this state the word "nursery" as used in respect to horticulture, "is a place where young trees are propagated for the purpose of being transplanted . . . " (*Attorney-General* v. *State Board Judges,* 38 Cal. 291, 296.) It is a matter of common knowledge that in the nursery business the young trees often remain in the soil for much longer than one year. There is no annual sowing and reaping, the purpose of planting being that they may later be transplanted. Such trees are attached to the soil by roots because only in this manner may they be kept ready for sale. Of course, they grow and develop in the meantime, but they are not a profit of the land in the same sense as an annual crop matured from seed planted in the ground and harvested within the year and do not constitute a "crop" within the legal meaning of that term.

On the other hand, such trees seem to have all the characteristics of stock in trade, which is a stock of merchandise as that term is ordinarily used among business men. This term includes the goods or chattels which a merchant holds for sale. (*Shasta Lumber Co.* v. *McCoy,* 85 Cal. App. 468 [259 Pac. 965]; *Charles J. Off & Co.* v. *Morehead,* 255 Ill. 40 [85 N. E. 264, 126 Am. St. Rep. 189, 14 Ann. Cas. 434, 20 L. R. A. (N. S.) 167]; *Swift & Co.* v. *Tempelos,* 178

N. C. 487 [101 S. E. 8, 7 A. L. R. 1581].) It is "the visible and tangible property with which the trade or business of the owner is carried on, and to which it relates". (*New York Biscuit Co.* v. *Cambridge,* 161 Mass. 326 [37 N. E. 438].) The term, of course, varies according to the business to which it is applied and includes articles which cover a very wide range. Nursery trees are attached to the land by their roots because, under the law of agriculture they must get their nourishment from the land. The ground is the only feasible storage place for this salable product and soil serves the dual purpose of maturing and preserving until a buyer is found for them.

The question here considered does not appear to have been decided before in this state, although the case of *Asato* v. *Emirzian,* 177 Cal. 493 [171 Pac. 90], refers to nursery stock as personal property. In *Kirkman* v. *Sargent,* 42 Cal. App. 290 [183 Pac. 591], the court said that a determination whether nursery stock is real or personal property turns upon the intention of the parties. As between the tenant nurseryman and a condemnor under eminent domain, the young trees were held to be an improvement of the real estate, although as between the grower and the lessor they were personal property. (*City of Los Angeles* v. *Hughes,* 202 Cal. 731 [262 Pac. 737].) These cases are not controlling under the facts of the present case but they indicate that nursery stock should be classified as personal property unless there is evidence that the parties, as between themselves, intended that they should be a part of the realty.

Decisions in other states holding that under particular circumstances nursery stock is a part of the realty, are not authority for a determination of the rights of a dispossessed vendee under an executory contract of sale, who is suing his vendor upon the facts pleaded by the appellant in this case. These allegations show that he placed the nursery stock upon the land solely for the purpose of removal and sale, and state a cause of action for the conversion of a stock in trade.

The judgment is reversed.

Curtis, J., Shenk, J., Carter, J., Houser, J., Knight, J. *pro tem.,* and Spence, J., *pro tem.,* concurred.

Rehearing denied.