JULIUS ROEHRS COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY; BOROUGH OF WALLINGTON, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.

Argued October 18, 1954—Decided November 22, 1954.

Mr. *Allan A. Maki* argued the cause for appellant (*Messrs. Corbin & Corbin,* attorneys).

Mr. *Mervyn R. Montgomery* argued the cause for respondent Borough of Wallington (*Mr. Joseph A. Banas,* attorney).

The opinion of the court was delivered by

JACOBS, J. The plaintiff operates a commercial nursery at 375 Paterson Avenue in the Borough of Wallington, New Jersey. It makes daily sales of plants, vines and shrubs at wholesale and owns 125 greenhouses which occupy an area of 300,000 square feet. Its greenhouse stock consists of plants set in trays and pots placed on benches several feet high. In 1952 the borough made a personal property assessment in the sum of $52,000 on the plaintiff's greenhouse stock, horticultural machinery, furniture, office fixtures and

pottery. On appeal the assessment was reduced by the Bergen County Board of Taxation to $40,000. As thus reduced the assessment was sustained by the Division of Tax Appeals and the plaintiff appealed to the Appellate Division. We certified under *R. R.* 1:10–1(*a*).

The issue presented by the parties turns on the proper scope of the tax exemption in *R. S.* 54:4–3.28 which provides that no commercially planted and growing crops, trees, shrubs or vines "while in the ground" shall be listed for taxation as personal property and that the assessment of real property shall be made without regard to any enhancement in value because of any commercially planted and growing crops, trees, shrubs or vines while in the ground. A proviso in the statute sets forth that nothing therein shall prohibit taxation of the crops, trees, shrubs and vines after severance from the ground. The appellant contends that since the green-house stock is planted in soil it is in the ground within the meaning of the statute and is not subject to personal prop-erty taxation until it is actually set aside for daily sales. On the other hand, the borough contends that the statutory exemption refers to stock commercially planted and growing in the open fields and does not in anywise embrace green-house stock which is not planted in the ground, as that term is widely understood, but in receptacles placed on bench sur-faces several feet above the ground. Its position is that such greenhouse stock is taxable in the same manner as other types of personal property "consisting of stocks in trade." See *R. S.* 54:4–11; *General Motors Corp. v. State Bd. of Tax Appeals*, 125 *N. J. L.* 574 (*E. & A.* 1940).

The statute providing for the tax exemption was enacted in 1943, shortly after the decision of the Board of Tax Appeals in *Bobbink & Atkins v. City of Clifton*, 20 *N. J. Misc.* 149 (1942). There the Board had held that nursery stock consisting of evergreen and deciduous trees, and deciduous shrubs and vines, was taxable as personal property under the legislation then in effect. There are numerous decisions, in fields other than taxation, which bear on the question of whether growing plants and crops are to be dealt

with as personalty or realty; in *Whitmer v. Atchison, T. &amp; S. F. Ry. Co.*, 90 *F. Supp.* 253, 256 (*D. C. Mo.* 1950), the court appropriately remarked that the question had become involved "in a mystic maze of uncertainty and contradiction." It has been said that the determination will in each case rest upon the particular character of the plants and crops, the relation and intention of the parties, and the nature of the transaction presented (15 *Am. Jur.* 195 (1938); and the effectuation of the intention of the parties would generally seem to be the paramount consideration. See 5 *American Law of Property* 64, 66 (1952); 1 *Thompson, Real Property*, 193, 351 (1939). *Cf. Haddonfield Safe Deposit, etc., Co. v. Liggit*, 11 *N. J. Misc.* 269 (*Ch.* 1929); *Story v. Christin*, 14 *Cal. 2d* 592, 95 *P. 2d* 925, 125 *A. L. R.* 1402 (1939).

The common law drew a distinction between perennial productions of the earth which were the result of the powers of nature and were to be dealt with as realty, and annual fruits of yearly labor which were the result of industry and were to be dealt with as personal property. See *Westbrook v. Eager*, 16 *N. J. L.* 81, 85 (*Sup. Ct.* 1837); *Bloom v. Welsh*, 27 *N. J. L.* 177, 180 (*Sup. Ct.* 1858). This distinction ordinarily resulted in giving effect to the intent of the parties concerned. See 5 *American Law of Property, supra*, where the author points out that the common law distinction was for most purposes one of intention "it being only reasonable to suppose that one who plants trees on the land, for example, intends them to be part of it"; however, in discussing commercial nurserymen he properly notes that they do not plant trees for permanent affixation to the realty but for purposes of propagation and sale and that "the better decisions will treat such nursery stock as personalty." See 5 *American Law of Property, supra*, 64, *note* 1. *Cf.* 42 *Am. Jur.* 200 (1942); *In re Pennsylvania Nursery Co.*, 7 *F. Supp.* 726 (*D. C. Pa.* 1934). Professor Walsh has expressed the view that within common law concepts annual crops "include nursery stock planted and grown for transplanting and sale elsewhere, though the crop usually requires several years to mature, because a separate planting is required to initiate

the crop so that it is entirely the result of the labor and industry of its owner and is not an improvement of the land." 1 *Walsh, Real Property* (1947), 483.

In *Story v. Christin, supra* [14 *Cal. 2d* 592, 95 *P. 2d* 927], the court remarked that plants and trees of commercial nurserymen had all the characteristics of stock in trade, "which is a stock of merchandise as that term is ordinarily used among business men." In *Miethke v. Pierce County,* 173 *Wash.* 381, 23 *P. 2d* 405 (*Sup. Ct.* 1933), the court stated that there was no reason why the plants and trees of nurserymen should not be assessed and taxed as merchandise in the same manner as the stock in trade of other merchants. And in *Bobbink & Atkins v. City of Clifton, supra,* the Board held that the trees, shrubs and vines of a commercial nurseryman constituted his stock in trade as fully and realistically as that of merchants and manufacturers generally and should be regarded as personal property for taxation purposes. We agree that apart from explicit statutory exceptions or exemptions, the stock in trade of a commercial nurseryman falls within the terms of the general legislation taxing personal property including merchants' stock in trade. See *R. S.* 54:4–1; *R. S.* 54:4–11. This gives fair and non-discriminatory effect to the general language used and presumably carries out the legislative intent. *Bobbink & Atkins v. City of Clifton, supra,* was correctly decided under the statutes then in force and the question remaining is the precise extent of its later modification by the terms of *L.* 1943, *c.* 63 (*N. J. S. A.* 54:4–3.28).

 There is no doubt that in enacting *L.* 1943, *c.* 63, the Legislature intended to grant some tax exemption but in seeking its exact scope we look at the language used with the aid of pertinent principles of construction. In the absence of specific intent to the contrary, the words in the statute are to be given their ordinary and primary meaning. See *Abbotts Dairies v. Armstrong,* 14 *N. J.* 319, 325 (1954). And since the statute represents a departure from the fundamental principle that all property shall bear its just and equal share of the public burden of taxation, we should con-

498

strue it strictly with doubts being resolved against the claimant. See *Board of National Missions of Presbyterian Church of the United States v. Neeld*, 9 *N. J.* 349, 353 (1952), where Justice Oliphant said:

"Statutes granting exemptions from taxation are to be strictly construed against a claimant and a claimant for tax exemption has the duty and burden of proving its entitlement to the exemption. *Sisters of Charity* [*of St. Elizabeth*] *v. Cory*, 73 *N. J. L.* 699 (*E. & A.* 1906) ; *Trustees of Rutgers University v. Piscataway Township*, 134 *N. J. L.* 85 (*Sup. Ct.* 1946). To exempt property from a tax burden the statute must express the legislative intent to that end in clear and unmistakable terms. *Fairview, etc., Co. v. Fay*, 90 *N. J. L.* 427 (*Sup. Ct.* 1917), affirmed 91 *N. J. L.* 688 (*E. & A.* 1917). Statutes, particularly those dealing with taxation, must not be extended to include persons not intended and should not be construed more broadly or given any greater effect than their language requires. *Adams v. Atlantic County*, 137 *N. J. L.* 648 (*E. & A.* 1948)."

See also *New Jersey Turnpike Authority v. Washington Township*, 16 *N. J.* 38, 44 (1954) ; *Dawn Bible Students Ass'n. v. Borough of East Rutherford*, 3 *N. J. Super.* 71, 75 (*App. Div.* 1949) ; *City of Trenton v. State Board of Tax Appeals*, 127 *N. J. L.* 105, 106 (*Sup. Ct.* 1941), affirmed *sub nom. City of Trenton v. Rider College*, 128 *N. J. L.* 320 (*E. & A.* 1942).

 It seems to us that in the light of the foregoing principles and the language used in *L.* 1943, *c.* 63, the statutory exemption may not be construed to extend to the appellant's greenhouse stock. The exemption is confined to commercially planted and growing crops, trees, shrubs or vines "while in the ground." In context, the ground refers to the solid surface of the earth which is its ordinary and primary meaning. The Legislature wished to overcome the actual holding in *Bobbink & Atkins v. City of Clifton, supra,* where trees, shrubs and vines being grown commercially in the fields were determined to be taxable as personal property. To insure that they would be totally exempt the Legislature provided not only that they should not be taxed as personal property but also that they should not, for tax purposes, be deemed to enhance the value of the real property to which they were attached. The proviso in the statute expressly permits their taxation after their severance from the ground.

Nothing whatever is to be found in the statute which suggests any legislative intent to exempt plants which have been severed from the ground in the fields and placed in receptacles in the greenhouse; nor is there anything to suggest any legislative intent to exempt plants originally placed and remaining in the greenhouse in receptacles on bench surfaces above the ground.

We are satisfied as to the correctness of the borough's position that the appellant's greenhouse stock was taxable as personal property; the suggestion that because of practical considerations the statutory exemption granted to nursery stock in the ground should be extended to embrace nursery stock on benches in greenhouses must be addressed to the legislature rather than the courts. No attack is made on the validity of the tax exemption granted to nursery stock in the ground (see *Const.* 1947, *Art.* VIII, *Sec.* I, *par.* 2; *Schwartz v. Essex County Board of Taxation*, 129 *N. J. L.* 129 (*Sup. Ct.* 1942), affirmed 130 *N. J. L.* 177 (*E. & A.* 1943)); indeed, the appellant is in no position to make such attack in this proceeding for if the exemption statute fails the appellant's greenhouse stock is admittedly taxable under the principles expressed in *Bobbink & Atkins v. City of Cliflon, supra*. Question has been raised as to the *quantum* of the assessment but on the record before us there is no basis for disturbing it. The assessment as sustained in the Division of Tax Appeals was presumptively correct (*Central R. Co. of N. J. v. State Tax Dept.*, 112 *N. J. L.* 5, 8 (*E. & A.* 1933)), and the appellant made no showing that it was excessive. Indeed, its valuation evidence was based upon the position that the only greenhouse stock to be valued and assessed was that actually set aside for daily sales; since that has been rejected its valuation evidence carries no weight towards offsetting the presumptive validity of the assessment.

The judgment of the Division of Tax Appeals is:

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—Justice OLIPHANT—1.