Cora B. KEY, Appellant,

v.

Gerald V. LODER and Mrs. Gerald V. Loder,
Appellees.

No. 2989.

Municipal Court of Appeals for the
District of Columbia.

Argued May 7, 1962.

Decided June 14, 1962.

Wallace McGregor, Washington, D. C.,
for appellant.

Laurence T. Scott, Washington, D. C.,
with whom Albert D. Brault, Washington,
D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and MYERS, Associate
Judge of The Municipal Court for the District
of Columbia, sitting by designation.

MYERS, Associate Judge.

While a tenant on the second floor of a
two-story apartment house for twenty-seven
years, appellant planted various flowers,
shrubs and plants in the backyard. The
apartment was sold to appellees who planned
to convert it to a single-family dwelling,
and so appellant moved. She demanded the
right from the appellees to enter upon the
premises and remove certain rosebushes

which she promised to some friends. When appellees refused, she brought this action to determine the legal ownership of the plants and for damages for the wrongful detention of her "personal property" by appellees or for damages in lieu of said property. From an adverse finding of the trial court, she appeals.

■■ Vegetation is normally classified as either *fructus naturales* or *fructus industriales*. *Fructus naturales* include any plant which has perennial roots, such as trees, shrubs and grasses. *Fructus industriales* include those plants which are sown annually and grown primarily by manual labor, such as wheat, corn and vegetables.[1] At common law the fruit of perennial plants was also *fructus naturales,* but with the advent of commercial fruit farming, which requires a great amount of labor and fertilizer, the fruit is considered *fructus industriales* while the trees are *fructus naturales.*[2]

■ The major consequence of this somewhat arbitrary classification is that *fructus naturales,* while unsevered, are part of the realty,[3] whereas *fructus industriales* may be real [4] or personal [5] property depending on the circumstances. The doctrine of emblements, which gives a tenant of a leasehold of uncertain duration the right to re-enter after the lease expires and harvest crops, applies only to *fructus industriales* because they are considered personal property. When a tenant plants annual crops, he does so solely for his own benefit, but when he plants a perennial growth, he presumably does it for succeeding generations as well. Under exceptional circumstances courts have permitted a tenant to re-enter and remove perennial plants,[6] but

> "One claiming that trees and shrubs, whether growing naturally or planted and cultivated for any purpose, are not part of the realty, must show special circumstances which take the particular case out of the general rule; he must show that the parties intended that they should be regarded as personal chattels." [7]

■ In this case the plants which appellant seeks to recover are *fructus naturales,* such as rosebushes and shrubs. The trial judge found that there was no agreement between appellant and her former landlord and no special circumstances which would indicate that the parties intended the plants to remain her personal property. They therefore became a part of the realty and appellant was not entitled to remove them or be paid for their value.

Affirmed.

1. Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 So. 508, 510; 2 Tiffany, Real Property § 590 (3rd ed.); 25 C.J.S. Crops § 1.

2. Twin Falls Bank & Trust Co. v. Weinberg, 44 Idaho 332, 257 P. 31, 54 A.L.R. 1527; Summerlin v. Orange Shores, Inc., supra, note 1.

3. Clark v. Strohbeen, 190 Iowa 989, 181 N.W. 430, 13 A.L.R. 1419; Summerlin v. Orange Shores, Inc., supra, note 1; Sparrow v. Pond, 49 Minn. 412, 52 N.W. 36, 16 L.R.A. 103.

4. Clark v. Strohbeen, supra, note 3 (As between the grantor and grantee, crops are a part of the realty).

5. Wood v. Pace, 164 Miss. 187, 143 So. 471, 473.

6. See e. g., Story v. Christin, 14 Cal.2d 592, 95 P.2d 925, 125 A.L.R. 1402 (Nursery stock held to be personal property of tenant).

7. 1 Thompson, Real Property § 117; see also Summerlin v. Orange Shores, Inc., supra, note 1; 1 Jones, Mortgages § 539 (8th ed.).