Argued March 2, affirmed May 24, 1972

SALEM NURSERY, INC., *Appellant,* OREGON
ASSOCIATION OF BEDDING PLANT GROWERS,
INC., ET AL, *Intervenors, v.* DEPARTMENT OF
REVENUE, *Respondent.*

497 P2d 371

*James O. Garrett,* Salem, argued the cause for
appellant, and *Gerald J. Meindl,* Portland, argued the

188

cause for intervenors. With them on the briefs were Crawford, Garrett, Webb & Seideman, Salem.

*Glen V. Sorensen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel, Salem.

HOWELL, J.

Plaintiff, a commercial nursery specializing in raising azalea plants, did not report its azalea inventory on its personal property tax return for 1969. The county assessor, after notice to plaintiff, placed all the plaintiff's azalea plants which were in pots, in flats, or balled on the 1969-70 assessment roll at a true cash value of $10,000 as of January 1, 1969.

On plaintiff's appeal to the Department of Revenue and the Tax Court, the action of the assessor was affirmed. Plaintiff appeals.

The facts, including the value of $10,000 placed on the property by the assessor, are not disputed.

The azalea plants which are the subject of the suit are grown entirely in movable containers and wholly within the various greenhouses located on the property. The containers vary in size, and as the plants develop they are transplanted to larger containers. At no time are the plants in the ground. During cultivation they may be placed on benches for efficient work.

The sole issue presented is whether the azalea plants are exempt from taxation pursuant to ORS 307.320 which reads:

"The value of any deciduous trees, shrubs, plants or crops, whether annual or perennial, grow-

ing upon agricultural land devoted to agricultural purposes, shall be exempt from assessment and taxation and shall not be deemed real property under the provisions of ORS 307.010."

Prior to 1955 the assessors in some counties of the state, including Jackson county, were not including the trees in assessing the true cash value of an orchard. As a result, the Tax Commission ordered the assessor to include the trees in determining the true cash value of the real property. The basis of this action was ORS 307.010 which defines real property for purposes of ad valorem taxation to include "trees * * * upon the land." *State ex rel Med. Pear Co. v. Fowler,* 207 Or 182, 295 P2d 167 (1956).

After the decision in *Medford Pear Co.,* the legislature enacted ORS 307.320 above. The statute in effect states that in valuing real property for ad valorem taxation, the deciduous trees, shrubs, plants or crops growing upon agricultural land are not considered as being real property. Therefore, the value of the trees, for example, is exempt from ad valorem assessment although traditionally trees were considered as part of the soil in which they were growing and assessed as part of the real property under ORS 307.010. Obviously, like other farm exemption statutes, the purpose of ORS 307.320 was to relieve agricultural land from the increased valuation which would normally be given to it because of the orchard, plants or crops growing on the land at the time of the assessment. With the exemption given to trees, crops, etc., the land is valued as if it were bare land.

The instant case is not one where the assessor, in assessing the true cash value of the real property, denied an exemption for shrubs growing upon the land.

Here the assessment was for tangible personal property which, under ORS 307.020 (3), includes merchandise and stock in trade.

We conclude that the azalea plants were tangible personal property taxable as merchandise and stock in trade, and not exempt under ORS 307.320 as shrubs growing upon agricultural land. The plaintiff's general manager testified that, with a few exceptions, plaintiff sells all its inventory by case lots through the George J. Ball Company in Chicago. No plants are sold at retail. The plants start as cuttings in small boxes or flats, and as they grow they are transplanted to larger containers. The flats containing the first plants (and later when the plants are moved to containers or cans) are located on benches and racks and on the ground in the plaintiff's greenhouses. The growing mixture consists of peat moss and bark chips. The plants are grown in greenhouses in order to better control the heat, moisture and disease.

We see no difference between plaintiff's inventory of $10,000 worth of azalea plants on hand as of January 1, 1969, and the personal property inventory of any other merchant. The assessor and the Tax Court correctly concluded that the plants were not shrubs growing upon agricultural land within the meaning of ORS 307.320 and were properly assessed as personal property for the tax year 1969.[1] Our conclusion finds

---

[1] While the instant case was pending in the Tax Court, the legislature enacted ORS 307.315 which states:

"Nursery stock, as defined in subsection (5) of ORS 571.005, whether bare root, or whether balled or heeled or growing in containers in or upon the ground, is exempt from ad valorem taxation in the hands of the grower or wholesalers, but not where held for sale at retail."

The statute became effective September 9, 1971. Consequently, as of January 1, 1972, the next assessment date, nursery stock under

support in a very similar case, *Julius Roehrs Co. v. Div. of Tax Appeals*, 16 NJ 493, 109 A2d 611 (1954).②

Affirmed.

O'CONNELL, C.J., dissenting.

The majority opinion takes the position that ORS 307.320 was designed only to exclude from the assessment and taxation of real property certain trees and plants growing upon agricultural land. Accepting this interpretation, the taxability of the excluded items would be governed by other provisions of the tax statutes. Paraphrasing the language of the statute, defendant's brief notes, however, that "trees, plants, shrubs or crops growing upon agricultural land are exempt from taxation." It follows that the effect of ORS 307.320 should actually be to exempt the excluded items completely from taxation of any kind and not simply to exclude those items in the assessment and taxation of the realty.

Giving the statute this interpretation results in creating a tax exemption not only with respect to trees and perennial plants which are legally regarded as a part of the land, but also annual crops which are usually regarded as personal property.

---

situations involved in the instant case would be exempt from ad valorem taxation.

② In *Roehrs* the plaintiff was an operator of a commercial nursery raising plants and shrubs in greenhouses. The plants were raised in trays and pots which were placed on benches in the greenhouses. Plaintiff sought an exemption under a statute which provided that no commercially planted and growing crops "while in the ground" should be taxed as personal property and that the assessment of the real property should not include any enhancement of value because of the growing crops or shrubs. The court held that the exemption did not apply to plaintiff's greenhouse stock as it was not growing in the ground, and that the taxing authorities properly assessed plaintiff's inventory of shrubs and plants as personal property, stock in trade.

An examination of the legislative history of ORS 307.320 (1957 Senate Bill 311) reveals that the primary motive for its enactment was the belief that taxpayers engaged in agricultural pursuits were being unfairly taxed as a result of including in the assessment of their land the value attributed to the agricultural trees and plants growing upon it. The criticism directed at the then existing practice of taxing the value of growing things would be equally valid whether the value was included, implicitly, in the assessment of the land itself or treated separately by assessing the agricultural trees and plants distinct from the land.

Therefore, I am convinced that the legislature would have intended the exemption created by ORS 307.320 to apply irrespective of whether the agricultural pursuit took the form of growing the excluded item in the land itself or in a container upon the land —assuming, of course, that the land was agricultural land and the land was being devoted to agricultural purposes.

Under the interpretation adopted by the majority opinion, a nurseryman who plants 1,000 azaleas in the ground on one side of his field and plants 1,000 azaleas in containers in his greenhouse on the other side of his field is exempt from taxation as to the former but not as to the latter. This strikes me as a highly technical method of interpreting a statute, and reaches a result which I think runs counter to the legislative purpose.

I would reverse. HOLMAN, J., joins in this dissent.