Argued and submitted November 5, 1985, reassigned February 7, affirmed
March 4, 1986

BENTON et al,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 1959; SC S31499)

715 P2d 489

William L. Jackson, Judge Pro Tempore.

Wayne C. Annala, of Annala, Carey, Hull & VanKoten, P.C., Hood River, argued the cause and filed the briefs for appellants.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

JONES, J.

## JONES, J.

The issue in this case is whether plaintiffs (taxpayers) carried their burden of proof under ORS 305.427[1] in challenging defendant Department of Revenue's (Department) assessment of the 1982-83 farm use values for Hood River County "good orchard" land and "orchard" land.[2] The county assessed the farm use value of good orchard land at $1,185 per acre and orchard land at $885 per acre. Taxpayers contended that the proper values are $685 and $500, respectively. They appealed the Department's opinion and order to the Oregon Tax Court. Judge William Jackson, specially assigned to the tax court, upheld the Department's valuation. We affirm the tax court.

Taxpayers own and operate orchards in an exclusive farm use zone in Hood River County. ORS 307.320, which exempts fruit trees from property taxation, provides:

"The value of any deciduous trees, shrubs, plants or crops * * * whether annual or perennial * * * growing upon agricultural land devoted to agricultural purposes, shall be exempt from assessment and taxation and shall not be deemed real property under the provisions of ORS 307.010."

This court stated in *Salem Nursery v. Dept. of Revenue,* 262 Or 187, 189, 497 P2d 371 (1972), that "the purpose of ORS 307.320 was to relieve agricultural land from the increased valuation which would normally be given to it because of the orchard, plants or crops growing on the land at the time of the assessment." Under ORS 307.320, appraisers must separate

---

[1] ORS 305.427, which governs the burden of proof in the tax court, provides:

"In all proceedings before the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief and the burden of going forward with the evidence shall shift as in other civil litigation."

*See also Borden, Inc. v. Dept. of Rev.,* 286 Or 567, 577, 595 P2d 1372 (1979).

[2] Taxpayers' appeals were consolidated for hearing before the Department. As in the Oregon Tax Court, the parties' evidence concerning the 1982-83 farm use value will also apply to tax years 1980-81 and 1981-82.

Hood River County uses five classes of farmland for *ad valorem* taxation: "G.O." for good orchard land; "O." for orchard land of a lower quality than "G.O." land; "G.T" for good tract land used for forage and row crops; "T." for tract land used for pasture; and "U.T." for untillable land. This appeal concerns only good orchard and orchard land.

the value of the underlying orchard land from the value of the trees.[3]

The parties agree that the favored statutory method of valuing land, using sales of comparable land, ORS 308.345(2), fails here because any comparable sales do not pass the prudent investor test, ORS 308.345(4). A "prudent investor for farm use" is "a person who purchases agricultural lands with the reasonable expectation that the person will be able to realize an average annual return on capital not less than the current rate of interest charged by the Federal Land Bank on first mortgages of farmland in the county in which the agricultural lands are located." Sales of farmland in the county did not meet the prudent investor test.

■    The parties agree that the proper valuation method is the income test. ORS 308.345(3).[4] Former Tax Court Judge Edward H. Howell has discussed the income test:

> "The use of the income approach to determine values of farms in a zoned or unzoned area requires a determination of net farm income and a capitalization rate. * * * To determine the net farm income to be used in valuing the farms on an income basis it is necessary to find the typical or reasonable net rental for similar farms being rented in the area." *Carman v. Dept. of Rev.,* 3 OTR 516, 517 (1969).

The information used in the income test must be from land comparable to the assessed land.

The county hired an appraiser, David J. Lau, who calculated the value for Hood River County "good orchard"

---

[3] The difficulty of separating the value of the land from the value of the trees has been recognized by courts and commentators. For example, in *Hulburt v. Dept. of Revenue,* 4 OTR 475, 480 (1971), the tax court quoted from the Oregon State Tax Commission's 26th Biennial Report 30 (1960-62):

> "* * * The appraiser's task is complicated by this exemption, since he must first determine the value of both land and trees or other crops growing upon it as indicated by current sales of property which, of course, include these items. An attempt must then be made to separate the value of the plants from the value of the land to the end that a bare land value results. The value thus determined has little or no relation to market value, and is often very difficult to defend. * * *"

[4] ORS 308.345(3) provides:

> "When comparable sales figures cannot be utilized in arriving at true cash values of agricultural lands * * * by reason of insufficient sales [meeting the prudent investor test], the true cash values of agricultural lands shall be arrived at by utilizing an income approach. * * *"

and "orchard" farmland. The appraiser first attempted to find leases for land comparable to land underlying orchards in Hood River County. After failing to find leases of comparable land either in Hood River County or other Oregon counties, the appraiser turned to leases in which the State of Washington leased bare farmland to orchard farmers. These leases usually were for 25-year terms and provided that the tenant pay the State of Washington as lessor a percentage of gross income from the orchards. The tenant planted trees, and paid for water and all other production expenses. Based on these Washington leases, the appraiser calculated that 6 percent of gross orchard income would provide the farm use value of land underlying orchards in Hood River County.

▪        Taxpayers argue that the Washington leases are not comparable to leases for Hood River County orchard land. The Washington leases were 25-year leases, and an orchard cannot produce income until at least five years after the tenant plants trees. Taxpayers focus on the 6 percent rent figure used by the county's appraiser. They argue that the 6 percent figure should be reduced to reflect the lack of income during the lease's first few years. However, the Department convincingly justified the 6 percent figure based on the Washington tenants' payment of all production costs and taxes, and the Washington tenants' ownership of the trees and above-ground irrigation equipment when the lease expired. The appraiser adjusted the Washington rental figures to reflect conditions in Hood River County. The county's valuation method, although it may not be perfect, is well supported and more accurate than the method proposed by taxpayers.

Taxpayers' method involved the study of bare farmland leases in the Hood River area. All the leases studied by taxpayers were for farmland classified "good tract" or "tract," not land used for growing fruit trees. They relied on leases covering only 227 acres, with annual rents ranging from $31.25 to $125 per acre. The small size of the sample and the wide variation in rents cast doubt on whether these are representative of a larger class of Hood River County leases.

In addition, the record suggests and we find that the leases of bare farmland relied on by taxpayers do not represent the value of land underlying orchards. Almost all land feasible for orchards in the Hood River area is used for orchards. The

suitability of land for orchards depends less on soil quality than on the land's drainage and susceptibility to frost. Both parties' testimony showed that Hood River County contains many "microclimates," that is, areas that are subject to different weather conditions from those in adjacent areas. Bare farmland in Hood River County may have soil identical to an adjacent orchard, but its microclimate may render it unsuitable for orchard growing. Therefore, bare farmland leases are not comparable to leases of land underlying orchards. The income test requires information concerning leases for land comparable to the land at issue. Taxpayers have not provided this information. The Department's determination of farm use value is better supported than taxpayers'.

The decision of the tax court is affirmed.