COLLECTOR OF TAXES OF BOSTON *vs.* CIGARETTE SERVICE CO. INC.

Suffolk. October 3, 1949. — January 3, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Taxation,* Personal property tax: machinery, exemption. *Statute,* Construction. *Words,* "Machinery," "Stock in trade."

Upon facts set forth in a case stated, cigarette vending machines, owned by one whose sole business was the sale of cigarettes by means of such machines, which were placed in various business premises under agreements with their respective proprietors, were not "stock in trade" of their owner but were "machinery used in the conduct of" his "business" and were not exempt from local taxation under G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1936, c. 362, § 1.

That a corporation paid a corporate excise tax based on a computation in which the value of certain machinery owned by it was not deducted could not avail it in the determination of the question whether or not such machinery was exempt from local taxation under G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1936, c. 362, § 1.

The provision of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1936, c. 362, § 1, that "machinery used in the conduct of the business" of its owner was not entitled to the statutory exemption from

local taxation, was not ambiguous when applied to certain cigarette vending machines described in a case stated, and consequently neither letters from the commissioner of corporations and taxation to assessors authorizing them to abate local taxes thereon nor decisions of the Board of Tax Appeals or of the Appellate Tax Board granting an exemption were material within the principle that "in the interpretation of a doubtful or ambiguous statute the long continued and uniform practice of the authorities charged with its administration is entitled to great weight and will not be disturbed."

A statutory exemption from taxation is to be recognized only where the property in question falls clearly and unmistakably within the express statutory words.

CONTRACT. Writ in the Superior Court dated March 22, 1944.

The action was heard by *Hudson,* J., without a jury.

*W. H. Kerr,* for the plaintiff.

*J. S. Ellis,* for the defendant.

WILKINS, J. This is an action of contract in five counts against a domestic business corporation, as defined in G. L. (Ter. Ed.) c. 63, § 30, cl. 1, to collect unpaid taxes upon tangible personal property assessed to the defendant by the assessors of the city of Boston for the years 1939, 1940, 1941, 1942, and 1943, respectively. G. L. (Ter. Ed.) c. 60, § 35. See now St. 1946, c. 251, §§ 1, 3. The property consisted entirely of cigarette vending machines situated in various business establishments in Boston on January 1 of the respective years. The case was heard upon a case stated, and the judge by finding for the defendant in effect ordered judgment for the defendant. *Dedham* v. *Newton,* 320 Mass. 391, 392. *Pepperell* v. *Somerville,* 321 Mass. 413, 414. *Yoffe* v. *Krasnow Wool Stock Co.* 322 Mass. 211. The plaintiff appealed. G. L. (Ter. Ed.) c. 231, § 96.

The sole question is whether the cigarette vending machines were subject to local taxation by reason of being "machinery used in the conduct of the business" of the defendant within the meaning of G. L. (Ter. Ed.) c. 59, § 5, Sixteenth, as appearing in St. 1936, c. 362, § 1.[1] The

[1] It was stipulated that the amendment contained in St. 1941, c. 467, "An Act exempting from taxation certain personal property of certain foreign insurance corporations," has no application to the case at bar.

material portion of clause Sixteenth, describing an exemption, is "property, other than real estate, poles, underground conduits, wires and pipes, and other than machinery used in the conduct of the business, owned by domestic business corporations or by foreign corporations, as defined in section thirty of chapter sixty-three; . . . provided, that the term 'machinery used in the conduct of the business' shall not, as herein used, be deemed to include stock in trade . . .." See G. L. (Ter. Ed.) c. 59, § 2; § 18, Second, as appearing in St. 1936, c. 362, § 2.

The defendant did not manufacture anything. Its sole business was the sale of different brands of cigarettes by means of vending machines owned by it and located at conspicuous places in various business establishments selected by it because readily accessible to the public. The machines were the sole means used by the defendant for the conduct of its business and were used only for the sale of cigarettes. They were placed in the various premises under a uniform written agreement with the proprietor of each business. By the agreement the defendant was "authorized" to place a machine on the premises "without cost to proprietor," and the defendant agreed to service the machine as often as was necessary, and to pay a commission at rates varying with the number of packages sold. It was also provided that "the machine is loaned to the proprietor and will remain at all times the property of Cigarette Service Co., Inc. and may be moved by them or their acting agents at will." In the course of business the machines were placed in, and removed from, the locations by the defendant, which serviced and cared for them, collecting money from the coin boxes and supplying the cigarettes. The machines, while of different types, were substantially similar in that they were approximately six feet high, two feet wide, and one foot deep; were not attached to the premises but rested on their own weight, which was from eighty to one hundred twenty pounds; and were portable, and easily moved. A prospective purchaser inserted coins as directed by a sign on the machine,

and by pushing the appropriate lever selected one of the brands of cigarettes. The machine responded by a mechanism within it and dispensed a package of the selected brand.

We think that the vending machines were "machinery used in the conduct of the business" of the defendant within the meaning of clause Sixteenth. This result seems required by our recent decision in *Assessors of Brockton* v. *Brockton Olympia Realty Co.* 322 Mass. 351, which is the only case in this court interpreting this phrase in the statute. We there held that projection equipment, sound producing equipment, a generator and an induction motor for operation of an organ, used in operating a motion picture theatre, were by the common and approved use of the language "machinery" within the intendment of the statute. Among the definitions of "machinery" there given was "any combination of mechanical means designed to work together so as to effect a given end" (page 355). This is an appropriate description of the machines of the defendant.

The defendant contends, however, that the vending machines could not be treated as "machinery used in the conduct of the business," because they were "stock in trade," which the statute prescribes shall not be included in "machinery." The plaintiff argues to the contrary, and we think rightly so. The conclusion that the machines were not "stock in trade" is implicit in our decision in *New England Mutual Life Ins. Co.* v. *Boston,* 321 Mass. 683, where the plaintiffs, which were lessees of electrical bookkeeping and accounting devices, were allowed to recover personal property taxes assessed to them which they had paid. In pointing out that the property was part of the stock in trade of the leasing owners, but not of the plaintiff lessees, we said, at page 686, "The leased property . . . was a part of the merchandise which the lessors owned and held for the purpose of leasing it in the usual course of their business to those who were willing to hire it. The leasing of the machinery was the means employed by the lessors to conduct their business just as the sales of goods

over the counter by a merchant are the method by which he maintains his business. The machinery was as much stock in trade of the lessors as were the goods of the merchant."

In the case at bar the defendant was in the business of selling cigarettes, not cigarette vending machines. Its "stock in trade" under clause Sixteenth, therefore, consisted of cigarettes, but not of the machines utilized to vend them. While the form of contract referred to a machine as "loaned to the proprietor," analysis of the relationship reveals that the transaction resembled a license given by the proprietor to the defendant and was not a loan by the defendant to the proprietor. The only payment was by the defendant (who made the so called loan) to the proprietor, and in return the defendant obtained the right to enter upon the premises to service and move the machines. See *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 474, 479; *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 55–56; *Whitehouse Restaurant, Inc.* v. *Hoffman*, 320 Mass. 183, 186.

We are unable to accept a contention of the defendant that "stock in trade" under clause Sixteenth embraces all the visible and tangible property with which its business was carried on. To adopt that view would render clause Sixteenth virtually meaningless, because machinery, which it purports to exclude from the tax exemption, would then be brought within the exemption as part of the stock in trade, which it purports to exempt. Cases dealing with other statutory provisions, for that reason at least, are not authorities for the defendant. See *Boston Loan Co.* v. *Boston*, 137 Mass. 332; *Singer Manuf. Co.* v. *County Commissioners of Essex*, 139 Mass. 266; *New York Biscuit Co.* v. *Cambridge*, 161 Mass. 326.

Other arguments of the defendant will be noticed briefly. There is no question of construction to avoid double taxation. If the machines were locally taxable, their value was deductible in determining the corporate excess. G. L. (Ter. Ed.) c. 63, § 30, cl. 3 (a), as amended. That the defendant paid a corporate excise tax based upon a com-

putation which may have erred in failing to make such a deduction cannot avail the defendant. See *Morison* v. *Assessors of Brookline*, 313 Mass. 746, 751; *Dorrance* v. *Thayer-Martin*, 116 N. J. Eq. 204, certiorari denied sub nomine *Dorrance* v. *Martin*, 298 U. S. 678, 692.

Certain letters from the commissioner of corporations and taxation to the assessors authorizing them to abate the taxes in question have no bearing on this case. See G. L. (Ter. Ed.) c. 58, § 8, as amended; *Codman* v. *Assessors of Westwood*, 309 Mass. 433. Neither do any decisions of the Board of Tax Appeals or the Appellate Tax Board at variance with this opinion. The defendant has not brought itself within the principle that "in the interpretation of a doubtful or ambiguous statute the long continued and uniform practice of the authorities charged with its administration is entitled to great weight and will not be disturbed." *Louisville & Nashville Railroad* v. *United States*, 282 U. S. 740, 757. *Powers's Case*, 275 Mass. 515, 518. Cases, like *Bolster* v. *Commissioner of Corporations & Taxation*, 319 Mass. 81, 85, to the effect that a taxing statute is to be strictly construed and all doubts resolved in favor of the taxpayer, are not in point. The statute in our opinion is not ambiguous. What is more, we are dealing with an exemption, which is a matter of special favor or grace, to be recognized only where the property falls clearly and unmistakably within the express words of a legislative command. *Boston Chamber of Commerce* v. *Assessors of Boston*, 315 Mass. 712, 716.

In accordance with the terms of the stipulation, judgment is to be entered for the plaintiff in the sum of $4,183.12 with interest from the date of the writ.

*So ordered.*