ULTRONIC SYSTEMS CORP. *vs.* BOARD OF ASSESSORS OF BOSTON.

Suffolk. January 10, 1969. — February 3, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Taxation,* Personal property tax: exemption, machinery.

Where it appeared that a taxpayer owned and always kept at its place of business a computer memory drum never leased to or used by anyone else, that the function of the drum was to receive and store stock market information and to transmit the information to the taxpayer's customers by means of equipment owned by the taxpayer and leased to the customers and located at their offices, and that the leased equipment would have been of no use to the customers without the drum, it was held that there was no error in conclusions by the Appellate Tax Board that the drum was machinery used in the conduct of the taxpayer's business, that the drum was not stock in trade of the taxpayer nor machinery "directly used . . . in any purchasing, selling, accounting or administrative function," and that the drum was not exempted from local taxation by G. L. c. 59, § 5, Sixteenth (2), as appearing in St. 1957, c. 541.

APPEAL from a decision by the Appellate Tax Board.

*Jerome S. Hertz (R. Robert Popeo* with him) for the taxpayer.

*James F. Ryan,* Assistant Corporation Counsel, for the Board of Assessors of Boston.

WILKINS, C.J. This is an appeal by Ultronic Systems Corp. (Ultronic) from a decision of the Appellate Tax Board refusing to abate personal property taxes for the years 1964, 1965, and 1966. The petitions before the Appellate Tax Board were under formal procedure and by way of appeal from the refusal of the assessors to make the abatements. The tax board made findings of fact and report at the request of the taxpayer. G. L. c. 58A, § 13, as amended.

In their brief the assessors refer to legislative changes which were made, effective July 1, 1968, in the scope of review of decisions of the Appellate Tax Board. St. 1968, c. 120. The tax board was exempted from the State Administrative Procedure Act by amendment of G. L. c. 30A, § 1 (2). Its decision was made final as to findings of fact by amendment of G. L. c. 58A, § 13. It is now more important than ever that a taxpayer who is interested in fully protecting his rights should use formal procedure and make request, as did the taxpayer in the case at bar, for findings of fact and report in writing. Requests for rulings of law may now assume special importance.

Ultronic is a Delaware corporation qualified to do business in the Commonwealth. Its principal place of business in the Commonwealth is at 141 Milk Street, Boston. The city assessed taxes, which were paid, on its personal property for the three years in issue. The taxpayer claims an exemption under G. L. c. 59, § 5, Sixteenth (2), alleging that the property was in the category of machines used in a purchasing, selling, or administrative function, or that it was stock in trade owned by it and leased out to third party stockbroker subscriber-lessees usually on a one-to-three-year rental basis.

The property falls into two general classes: (1) a computer memory drum at 141 Milk Street; and (2) the leased equip-

ment.  In the second class the taxpayer has four types of electronic or electromechanical equipment which serve the purpose of furnishing to customers stock market information which is assembled and processed outside the Commonwealth and through such equipment transmitted into the State to the taxpayer's customers.

Ultronic at its home office in New Jersey has electronic and electromechanical computers which are connected to stock exchanges in the United States, Canada, and London. Information supplied among various exchanges is sent in to the New Jersey computers and thence over telephone lines to the computer memory drum.  This is owned solely by the taxpayer, and is never used by, sold, or leased to anyone.  All the leased property would be totally inoperative without the drum, which stores information and sends it out again over telephone lines to the Boston stockbroker subscribers.  The sole function of the drum is electronically to receive, store, transmit, speed up, or slow down a vast supply of information sold by Ultronic through the leased machinery.  The leased machinery consists of electric devices or machines which are located in the respective lessees' offices and are either desk units or large wall panel display mechanisms.

The board found, in so far as these are questions of fact: (1) all the taxed property is machinery; (2) the taxpayer's business or trade is the leasing of its electrical mechanical devices to subscribers and supplying information which emanates from the leased machinery; (3) all the machinery leased to subscribers is stock in trade of the taxpayer; and (4) the computer drum is not stock in trade or machinery used in any manner of a purchasing, selling, accounting, or administrative function.  The board, accordingly, ruled that the leased machinery is exempt; and that the computer drum is machinery used in the conduct of business and is not exempt.  The assessors had treated all the property, including the leased machinery, as taxable.

General Laws c. 59, § 5, Sixteenth (2), as appearing in St. 1957, c. 541, exempts from local taxation personal

property owned by a corporation other than "machinery used in the conduct of the business, which term, as used in this clause, shall not be deemed to include stock in trade or any personal property directly used . . . in any purchasing, selling, accounting or administrative function."

No question is raised by the assessors as to the ruling that the leased property is exempt. That ruling stands. The taxpayer's sole remaining contention is that the drum is exempt. There was no controverted issue of fact, so no question of law arises concerning whether any finding was warranted. See *Brockton Knights of Columbus Bldg. Assn. Inc.* v. *Assessors of Brockton,* 321 Mass. 110, 113. We believe that the scope of review in the present case is unaffected by St. 1968, c. 120.

The taxpayer contends that the computer memory drum, both electronically and from a business viewpoint, is an integral part of Ultronic's stock in trade, since without it the wall panels and desk units on lease would be of no use to its customers. This contention might lead to an inference contrary to that of the tax board. But it is not a necessary inference, and we do not rule that such an inference must be drawn.

The present case seems to us to be controlled in one aspect by *Collector of Taxes of Boston* v. *Cigarette Serv. Co. Inc.* 325 Mass. 162, where we held that vending machines owned by the defendant, which was in the business of selling cigarettes by means of vending machines, were "machinery used in the conduct of the business" and hence were taxable locally (p. 163).

We likewise agree with the ruling of the Appellate Tax Board that the memory drum does not fall within the category of "personal property directly used in . . . any purchasing, selling, accounting or administrative function." This language was introduced by St. 1954, c. 435, § 1, soon after our decision in *Assessors of Haverhill* v. *J. J. Newberry Co.* 330 Mass. 469. In our opinion it does not preclude the board's conclusion as to the drum: "It is merely an electrical computer storage machine and although

it is a necessary and vital part to the machines actually leased out to subscribers, it does not appear to be used directly in purchasing, selling, or administrative functions as would be the case of machinery such as calculators, adding machines, or cash registers." The amendment by St. 1954 does not exempt machinery principally involved in producing or processing the taxpayer's stock in trade, which in this case is information. See *Assessors of Brockton* v. *Brockton Olympia Realty Co.* 322 Mass. 351.

*Decision affirmed.*