CITY OF BOSTON *vs.* MAC-GRAY COMPANY, INC.
(and two companion cases[1]).

Suffolk.   November 4, 1976. — February 4, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Taxation,* Personal property tax: machinery; exemption.  *Words,* "Machinery used in the conduct of the business," "Stock in trade."

Self-service, coin-operated washing and drying machines placed in the basement of certain apartment houses by a business corporation were not "stock in trade" within the meaning of G. L. c. 59, § 5, Sixteenth (2), and were, therefore, not exempt from local taxation under the statute. [826-828]

THREE ACTIONS OF CONTRACT.   Two writs in the Superior Court dated July 25, 1967, and November 2, 1967, respectively, and one in the Municipal Court of the City of Boston dated October 20, 1972.

The cases were heard in the Superior Court by *Mason,* J., and reported by him to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Donald J. Wood* for Mac-Gray Company, Inc.

*Robert E. Brooks,* Assistant Corporation Counsel, for the city of Boston.

---

[1] The city has sued for collection of 1970 and 1971 taxes. The companion cases are actions brought by the taxpayer to recover amounts paid under protest on account of the city's assessment of taxes on the taxpayer's machines for 1966 and 1967, respectively. Any such tax for 1968 and 1969 is not in dispute. The cases were consolidated for trial.

WILKINS, J. Mac-Gray Company, Inc. (taxpayer), a domestic business corporation, owns self-service, coin-operated washing machines and drying machines which it has placed in the basements of certain apartment houses in Boston under an agreement with the owner of the apartment houses. The city asserts that the washing machines and dryers are subject to a personal property tax. The taxpayer argues that the property is exempt under G. L. c. 59, § 5, Sixteenth (2), which is set forth in the margin.[2] The cases were presented in the Superior Court on a stipulation as to all the material facts, including the amounts owing depending on which party prevailed on the basic issue in dispute. A judge of the Superior Court ruled that the taxpayer's washers and dryers were subject to tax and reported the cases to the Appeals Court. We transferred the cases here for disposition. We agree with the judge below.

Clause Sixteenth (2) exempts the property of a domestic business corporation from local taxation with certain stated exceptions. One exception is "machinery used in the conduct of the business." Clause Sixteenth (2) excludes "stock in trade" from "machinery used in the conduct of the business." The result is that "stock in trade" is not subject to local taxation, even if it is otherwise "machinery used in the conduct of the [taxpayer's] business." The taxpayer claims that its washing machines and dryers are exempt from local taxation as "stock in trade."

We start with the uncontested point that the taxpayer's washing machines and dryers are machines within the

---

[2] Clause Sixteenth (2) of G. L. c. 59, § 5, as appearing in St. 1957, c. 541, with relevant introductory language, reads as follows: "The following property shall be exempt from taxation . . . Sixteenth, . . . (2) In the case of (*a*) a domestic business corporation or (*b*) a foreign corporation, both as defined in section thirty of chapter sixty-three, all property owned by such corporation other than the following: — real estate, poles, underground conduits, wires and pipes, and machinery used in the conduct of the business, which term, as used in this clause, shall not be deemed to include stock in trade or any personal property directly used in the refrigeration of goods or in the air-conditioning of premises or in any purchasing, selling, accounting or administrative function."

meaning of that word in cl. Sixteenth (2). *Assessors of Brockton* v. *Brockton Olympia Realty Co.,* 322 Mass. 351, 355 (1948). We have no hesitancy in saying that they are "used in the conduct of the [taxpayer's] business." The taxpayer argues that the use must be by the taxpayer and that these machines are used only by those persons who bring their clothes to be washed or dried. Clause Sixteenth (2) does not make such a distinction explicitly. In any event, it is clear that the taxpayer uses the machines in its business, at least for the purpose of collecting the fees which it charges for their use. We turn then to the basic question whether the machines are "stock in trade."

We have observed that the words "stock in trade" in cl. Sixteenth have a narrower meaning than in other contexts. *Collector of Taxes of Boston* v. *Cigarette Serv. Co.,* 325 Mass. 162, 166 (1950). If there were not a narrow construction of the words "stock in trade," the general provision that machinery used in a taxpayer's business is taxable would be threatened. In the *Cigarette Serv. Co.* case, we held that cigarette vending machines were taxable and not exempt as "stock in trade." The "stock in trade" of the taxpayer there was cigarettes. In an earlier case, we held that under cl. Sixteenth, as then amended, leased office equipment was "stock in trade" of the lessors and not taxable to lessees of the equipment. *New England Mut. Life Ins. Co.* v. *Boston,* 321 Mass. 683, 686-687 (1947). The city argues that the washing machines and dryers are analogous to cigarette vending machines, while the taxpayer argues that the analogy to leased equipment is more apt. Although the issue is a close one, we conclude that the city has the better of the argument and that the taxpayer's washing machines and dryers are not "stock in trade."

The words "stock in trade" in cl. Sixteenth (2) refer to a taxpayer's inventory of machines available for sale or lease. The taxpayer does not sell or lease its washing machines and dryers. It installs them in apartment houses under a license agreement with the owner of the apartment houses. The taxpayer has in effect set up self-service

"laundromats" in various locations. Customers purchase the privilege of using the machines for a fee. The taxpayer is selling a service. Its stock in trade, if it has one, is the performance of its machines. The taxpayer is in the business of selling opportunities to use equipment for laundering and drying purposes and is not in the business of selling or leasing washing machines and clothes dryers.

In matters of taxation we should follow the pattern of our decisions, leaving to the Legislature the opportunity to make responsive adjustments in the scope of the tax statutes. We note that the result indicated in the *New England Mut. Life Ins. Co.* case was incorporated expressly into cl. Sixteenth by St. 1954, c. 435, § 1, but that cl. Sixteenth has not been amended to alter the result which we reached in the *Cigarette Serv. Co.* case.

We think the rulings of the Superior Court judge were correct. Judgment should be entered in each case in accordance with this opinion and the stipulation of the parties.

*So ordered.*